[No. 10,026.]

## Ex Parte GUTIERREZ.

STRICT CONSTRUCTION OF PENAL STATUTES ABROGATED.—The rule of the common law, that penal statutes should receive a strict construction in favor of him upon whom a penalty was to be inflicted, has been abrogated by the Code, which has constituted itself, in this respect, its own interpreter.

CONVICTION PRIOR TO TAKING EFFECT OF CODE.—Under the Penal Code there is no distinction between the first conviction of petit larceny, had anterior to January 1st, 1873, and a conviction for the same offense, had after that date.

STATUTE NOT EX POST FACTO.—The section of the Penal Code which provides that one who has been convicted of the offense of petit larceny, who shall again commit the offense of petit larceny, is to be deemed guilty of a felony, is not *ex post facto*, within the meaning of the Federal Constitution, even when applied to one who committed the first offense prior to the taking effect of the Code.

THE prisoner was brought before Mr. Chief Justice WALLACE, at chambers, on an application to be discharged from custody. He had been convicted in the Police Court, of the City and County of San Francisco, of the offense of petit larceny, prior to January 1st, 1873, and was again convicted of such an offense on the 13th day of January, 1873, when he was held to answer for a felony.

*Mr. Tighe*, for the Prisoner.

*Mr. Murphy, District Attorney,* Contra.

By WALLACE, C. J.:

In 1872 the petitioner was convicted of the offense of petit larceny—a misdemeanor. On the 1st day of January, 1873, the present Penal Code went into effect, containing a provision, in substance, that any person convicted a second time of the crime of petit larceny shall be deemed guilty of a felony, and punished by imprisonment in the State Prison. The commitment here sets forth, in the usual form, that the prisoner committed the offense of petit larceny on the 13th of January, 1873, and, also, that he had been previously convicted of the like offense, and thereupon directs that he be held to answer for felony. It was suggested, rather than argued for the prisoner, that it was not the intention of the Penal Code to take into account, for this purpose, a conviction of petit larceny, occurring anterior to the time at which the Code itself went into effect. There is, however, nothing to be found in the phraseology of the Act which can be brought to the support of this view. Those who enacted

this law have certainly made no distinction, upon its face, between convictions suffered before and like convictions suffered after the 1st day of January, 1873. Nor is there any principle of interpretation which will avail to restrain the general words of the statute for the benefit of the prisoner in this instance. The established rule of the common law undoubtedly was that statutes of the character of the one now under consideration should receive a strict construction in favor of him upon whom a penalty was to be inflicted; but this rule has been abrogated by the Code, which has constituted itself, in this respect, its own interpreter. Section four of the Penal Code is as follows: "The rule of the common law, that penal statutes are to be strictly construed, has no application to this Code. All its provisions are to be construed according to the fair import of their terms, with a view to effect its objects, and to promote justice."

1. I have remarked already that there is nothing to be found in the terms or language employed in the Act which distinguishes between a first conviction of petit larceny had anterior to January 1st, 1873, and such an one had after that day. The object of the Code, evident in this respect, was to protect society from the further depredations of an abandoned class of criminals infesting the cities and larger towns in the State, whose ordinary avocation is larceny, and whose severest punishment has heretofore been confinement in idleness and for inconsiderable periods of time in the County Jail, escaping, of course, the graver though well deserved consequences ensuing upon a conviction of a felony. Neither the purposes of justice nor a consideration of the object to be effected will, in my opinion, justify me in giving the Code the interpretation in this respect claimed by the prisoner.

2. It is next claimed for the prisoner that the Penal Code, sought to be so applied here as to constitute the petit larceny

charged against him a felony, is *ex post facto*, and so pro-
hibited by the Federal Constitution. (Art. 1, Sec. 10.) Un-
doubtedly if the purpose of the Code were to aggravate the
punishment of a crime committed before the Code took
effect it would be obnoxious to the objection taken. But
such is not the case. The offense to be punished by impris-
onment in the State Prison was one *committed since the Code
took effect*. By the rule announced in the Code, any person
in the situation of the prisoner—that is, any person who had
already been convicted of the offense of petit larceny—who
should again, and subsequently to the taking effect of the
Code, commit the offense of petit larceny, is to be deemed
a felon, and punished by imprisonment in the State Prison.
The act to be punished is, however, only that act done by
the prisoner after the Code took effect; and, therefore, in no
sense can the Code be said to become *ex post facto* when
applied to the case of the prisoner. The true principle in
this respect is well expressed by Judge Cooley in his invalu-
able work upon Constitutional Limitations, as follows:

"And a law is not objectionable as *ex post facto* which, in
providing for the punishment of future offenses, authorizes
the offender's conduct in the past to be taken into the
account, and the punishment to be graduated accordingly.
Heavier penalties are often provided by law for a second or
any subsequent offense than for the first, and it has not been
deemed objectionable that in providing for such heavier
penalties the prior conviction authorized to be taken into
account may have taken place before the law was passed.
In such cases it is the second or subsequent offense that is
punished, not the first," etc.

The adjudicated cases are believed to be uniform in sup-
port of the principle of constitutional law, as thus enunciated
in the text book referred to. Among these cases are *Rand*
v. *Commonwealth*, 9 Grattan R. 738, in the Supreme Court

of Appeals of Virginia, and *Ross' Case*, 2 Pickering R. 165, in the Supreme Judicial Court of Massachusetts. Neither of these cases is at all distinguishable in its circumstances (so far as those circumstances relate to the point in hand) from the case of the prisoner here. In each of them the statute under which the severer punishment was imposed was enacted *intermediate the first conviction and the commission of the second offense.*

It results that the prisoner must be remanded; and it is so ordered.