[Crim. No. 1164. First Appellate District, Division One.—February 21, 1925.]

THE PEOPLE, Appellant, v. JOE JAMES, Respondent.

[1] CONSTITUTIONAL LAW—FIREARMS—CONVICTION OF FELONY—LEGIS-LATURE.—By the very terms of the Firearms Act (Stats. 1923, p. 696), a defendant who has been convicted of a felony is excluded from the right to own or possess firearms, and it is within the power of the legislature to say that such ownership or possession in a person convicted of a felony may be harmful to the public welfare and to prescribe a penalty therefor.

[2] ID.—CONVICTION OF FELONY—SUBSEQUENT POSSESSION OF FIREARM—JEOPARDY.—A defendant who has been convicted of a felony, by being prosecuted upon the charge of having in his possession and under his custody and control a revolver capable of being concealed upon his person, is not again being punished for his past offense, but his conviction of such offense creates a condition in which the subsequent commission of another and different act renders him amenable to prosecution for that act. The prior conviction constitutes no new offense itself, but merely brings defendant within a class capable of committing the offense with which he is charged.

[3] ID.—CONVICTION PRIOR TO PASSAGE OF FIREARMS ACT—EX POST FACTO LAWS.—The fact that the conviction of a felony, which was pleaded in a charge against the same person for a violation of the Firearms Act (Stats. 1923, p. 696), was had before said act became operative did not make the act an *ex post facto* law and retroactive in operation.

[4] ID.—PAST CONDUCT OF OFFENDER—EX POST FACTO LAWS.—A law is not objectionable as *ex post facto* which in providing for the punishment of future offenses authorizes the offender's conduct in the past to be taken into account and the punishment to be graduated accordingly.

[5] ID.—FIREARMS ACT—SECTION 11, ARTICLE I, CONSTITUTION.—The classification of persons subject to prosecution for violation of the so-called Firearms Act (Stats. 1923, p. 696) is not violative of section 11 of article I of the constitution.

[6] CRIMINAL LAW—CONVICTION OF FELONY—POSSESSION OF REVOLVER—PLEADING—INFORMATION.—The omission to allege in an infor-

3. *Ex post facto* laws, what are and when valid, note, 37 Am. St. Rep. 582.

4. Statute prescribing special punishment for second offenses or habitual criminals as *ex post facto*, note, 18 Ann. Cas. 925. See, also, 6 R. C. L. 300; 7 Cal. Jur. 846.

mation charging the defendant, who had been convicted of a
felony, with the unlawful possession, custody, and control of a
revolver capable of being concealed on his person, that at the
time of having the revolver in his possession defendant was
suffering from the disability prescribed by the statute, could in
no manner affect the substantial rights of the defendant, and in
any event it could not possibly justify the sustaining of a gen-
eral demurrer without leave to amend; and the same may be said
of the claim that the information fails to allege, except in terms
of a mere conclusion, the fact that the weapon which defendant
is accused of having in his possession was capable of being con-
cealed upon the person.

[7] ID.—EXCEPTION IN STATUTE—PLEADING.—Absence from the infor-
mation of an averment of the fact that the revolver did not come
within the exception prescribed by statute to the effect that "this
act shall not apply to antique pistols or revolvers incapable of
use as such" did not affect its sufficiency. The exception was not
required to be negatived as it is a mere proviso.

---

(1) 12 C. J., p. 917, n. 5.    (2) 16 C. J., p. 234, n. 92.    (3) 12
C. J., p. 1107, n. 24.    (4) 12 C. J., p. 1107, n. 24.    (5) 36 Cyc.,
p. 992, n. 91.    (6) 40 Cyc., p. 866, n. 15.    (7) 31 C. J., p. 720, n. 58.

APPEAL from an order of the Superior Court of Fresno
County sustaining demurrer to an information. S. L.
Strother, Judge. Reversed.

The facts are stated in the opinion of the court.

U. S. Webb, Attorney-General, and Wm. F. Cleary, Dep-
uty Attorney-General, for Appellant.

Gearhart, Carling & Cummings for Respondent.

TYLER, P. J.—This is an appeal by the People from an
order of the superior court of Fresno County sustaining,
without leave to amend, a demurrer to an information
charging defendant with the commission of a felony.

The charging portion of the information alleged that de-
fendant on the twenty-second day of August, 1923, had in
his possession under his custody and control a certain fire-

---

7. Necessity of negativing in indictment or information exception
in statute upon which prosecution is based, notes, 6 Ann. Cas. 726;
13 Ann. Cas. 364; Ann. Cas. 1913B, 135. See, also, 14 R. C. L. 188;
14 Cal. Jur. 52.

arm, to wit, a revolver, capable of being concealed upon his person, and that he, prior to the date named, to wit, on or about the twenty-fourth day of December, 1914, had been convicted of a felony against the person or property of another.

The information was premised upon the provisions of section 2 of chapter 339 of the Statutes of 1923, approved June 13, 1923, page 696, and in effect on the seventeenth day of August of that year. That section reads as follows: "On and after the date on which this act takes effect no unnaturalized foreign-born person and no person who has been convicted of a felony against the person or property of another or against the government of the United States or of the state of California or of any political subdivision thereof, shall own or have in his possession or under his custody or control any pistol, revolver or other firearm capable of being concealed upon the person. The terms 'pistol,' 'revolver' and 'firearm capable of being concealed upon the person,' as used in this act, shall be construed to apply to and include all firearms having a barrel less than 12 inches in length. Any person who shall violate the provisions of this section shall be guilty of a felony, and upon conviction thereof shall be punishable by imprisonment in the state prison for not less than one year nor more than five years."

The demurrer to the information specified all the grounds permitted under section 1004 of the Penal Code. As above stated, the court below sustained the demurrer without leave to amend, and the People appeal.

In support of the ruling of the trial court it is here claimed by respondent that the demurrer was properly sustained for the reasons (1) that the act upon which the information is based is unconstitutional and (2) disregarding its unconstitutionality and assuming its validity, still the information does not state a criminal offense.

Several grounds are urged against the constitutionality of the statute. It is first asserted that it violates the constitutional guarantee that no person shall be twice put in jeopardy for the same offense. In this connection it is argued that section 5 of the act makes it plain that owning, possessing, or having in one's custody a firearm capable of

being concealed upon the person is a perfectly innocent act, and that this being so defendant is not charged with any new offense, but is again being informed against for his prior offense, and is, consequently, being twice put in jeopardy therefor.

But the ownership or possession of firearms capable of being concealed upon the person is not an innocent act so far as the defendant is concerned. Section 5 of the act provides in part: "This section shall not be construed to prohibit any citizen of the United States over the age of eighteen years who resides or is temporarily sojourning within this state, and who is not within the excepted classes (one of which is the ex-convict class) prescribed in section 2 hereof, from owning, possessing or keeping within his place of residence or place of business any pistol, revolver or other firearm capable of being concealed upon the person, and no permit or license to purchase, own, possess or keep any such firearm at his place of residence or place of business shall be required of any such citizen."

[1] By the very terms of the act defendant is excluded from the right to own or possess firearms, and it is within the power of the legislature to say that such ownership or possession in a person convicted of a felony may be harmful to the public welfare and to prescribe a penalty therefor (*Ex parte Rameriz*, 193 Cal. 633 [34 A. L. R. 51, 226 Pac. 914, 918]). [2] By being prosecuted upon the present charge the defendant is not again being punished for his past offense, but his conviction of such offense creates a condition in which the subsequent commission of another and different act renders him amenable to prosecution for that act. The prior conviction constitutes no new offense, itself, but merely brings defendant within a class capable of committing the offense with which he is charged (*People* v. *King*, 64 Cal. 340 [30 Pac. 1028]; *People* v. *Stanley*, 47 Cal. 113 [17 Am. Rep. 401]). It is to be observed in this connection that unnaturalized foreign-born persons, bearing no stigma of any prior conviction, are by the act placed under the same disability. It seems to be plain that the inhibition against ownership or possession of a certain class of firearms is referred to the status of the persons affected.

[3] The constitutionality of the act is also assailed upon the ground, as claimed, that it is an *ex post facto* law and retroactive in operation if construed as applying to the present charge against defendant, since the prior conviction pleaded was had before the instant act became operative.

[4] A law is not objectionable as *ex post facto* which in providing for the punishment of future offenses authorizes the offender's conduct in the past to be taken into account and the punishment to be graduated accordingly. Heavier penalties are often provided by law for a second or any subsequent offense than for the first; and it has not been deemed objectionable that in providing for such heavier penalties the prior conviction authorized to be taken into account may have taken place before the law was passed (*Ex parte Guiterrez,* 45 Cal. 429; *Rand* v. *Commonwealth,* 9 Gratt. (Va.) 738; Cooley's Constitutional Limitations, 7th ed., 382). In such case it is the second or subsequent offense which is punished, not the first.

[5] It is also urged that the act in question is violative of section 11 of article I of the constitution, requiring all laws to have a uniform operation, it being claimed that the classification here adopted is arbitrary, unreasonable, and not based upon any natural, intrinsic, or constitutional distinction.

This objection is answered in the *Rameriz case, supra,* where the cases on the subject are extensively reviewed. It is there said that it cannot be assumed that the legislature did not have evidence before it or that it did not have reasonable grounds to justify the legislation and to conclude that unnaturalized foreign-born persons and persons who have been convicted of a felony were more likely than others to unlawfully use firearms or to resort to force in defiance of law. Nor does the fact that the legislature in adopting a classification comprising persons who have committed offenses "against the person or property of another" thereby omits those who may have been convicted of other crimes alter the situation. In the case of *Patsone* v. *Pennsylvania,* 232 U. S. 138 [58 L. Ed. 539, 34 Sup. Ct. Rep. 282, see, also, Rose's U. S. Notes] (cited with approval in the Rameriz case), it is said that "a state may classify with reference to the evil to be prevented, and that if the class dis-

criminated against is or reasonably might be considered to define those from whom the evil is to be feared it properly may be picked out. A lack of abstract symmetry does not matter. The question is a practical one dependent upon experience. . . . It is not enough to invalidate the law that others may do the same thing and go unpunished if as a matter of fact it is found that the danger is characteristic of the class named." (*Miller* v. *Wilson,* 236 U. S. 373 [L. R. A. 1915A, 829, 59 L. Ed. 628, 35 Sup. Ct. Rep. 342, see, also, Rose's U. S. Notes]; *Armour & Co.* v. *North Dakota,* 240 U. S. 510, 517 [Ann. Cas. 1916D, 548, 60 L. Ed. 771, 36 Sup. Ct. Rep. 440].)

And, finally, with reference to the claim that, disregarding the unconstitutionality of the act and assuming its validity, the information filed under its provisions does not state a public offense. The information charged that defendant "did willfully, unlawfully and feloniously have in his possession and under his custody and control a certain firearm, to-wit, a revolver capable of being concealed on the person of the defendant, and that the defendant prior to the date hereof, to-wit, on or about the 24th day of December, 1914, in the Superior Court of the state of California in and for the county of Fresno was convicted of a felony against the person and property of another, to-wit, the crime of robbery." The point of this objection is that the information does not directly allege that at the time of having the revolver in his possession defendant was suffering from the disability prescribed by the statute.

[6] The omission of such a conclusion could in no manner affect the substantial rights of the defendant, and in any event it could not possibly justify the sustaining of a general demurrer without leave to amend. The same may be said of the further claim that the information fails to allege, except in terms of a mere conclusion, the fact that the weapon which defendant is accused of having in his possession was capable of being concealed upon the person. Section 15 of the act provides as follows: "This act shall not apply to antique pistols or revolvers incapable of use as such." [7] Absence from the information of an averment of the fact that the revolver did not come within the exception did not, as claimed, affect its sufficiency. It is

not required to be negatived as it is a mere proviso (2 Bishop's Criminal Procedure, 639).

The order sustaining the demurrer to the information is reversed and the cause remanded for trial.

Knight, J., and St. Sure, J., concurred.