THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. FRANK PIUS, ALIAS, ETC., ET AL., PLAINTIFFS IN ERROR.

Argued May 5, 1937—Decided May 18, 1937.

Before BROGAN, CHIEF JUSTICE, and Justices TRENCHARD and PARKER.

For the plaintiffs in error, *George R. Greis* and *Andrew Cafiero.*

For the state, *French B. Loveland,* prosecutor of the Pleas, and *Herbert F. Campbell,* assistant prosecutor.

The opinion of the court was delivered by

PARKER, J. The three defendants were convicted as "gangsters" under an indictment based on section 4 of chapter 155 of the laws of 1934. *Pamph. L., p.* 394. The section

provides that "any person, not engaged in any lawful occupation, known to be a member of any gang consisting of two or more persons, who has been convicted at least three times of being a disorderly person, or who has been convicted of any crime, in this or in any other state, is declared to be a gangster;" with a proviso not here applicable. Section 5 provides as to the penalty: "Any person convicted of being a gangster under the provisions of this act shall be guilty of a high misdemeanor, and shall be punished by a fine not exceeding $10,000, or imprisonment not exceeding twenty years, or both."

The case is before us on strict writ of error only and is of course considered in that aspect. The first principal ground for reversal now urged is based on the fourth assignment of error, that the court refused to direct an acquittal when so moved. This motion was made when the state rested, and again at the conclusion of all the evidence. In the first case the granting or denial of the motion was discretionary, and not reviewable on strict writ of error. *Burnett* v. *State*, 62 *N. J. L.* 510; *State* v. *Jaggers*, 71 *Id.* 281, 283; *State* v. v. *Metzger*, 82 *Id.* 749. But the same reasons were invoked at the conclusion of the evidence. Those now argued are: 1. Failure to prove the existence of a "gang" at the time laid in the indictment. There was evidence for the jury on that point. With its weight we are not now concerned. 2. Failure to prove that defendants were known to be members of such alleged "gang." There was similar proof on that point also; as also: 3. That they were not engaged in any lawful occupation at the times laid in the indictment. The argument here is that the point is covered only by oral statements of the defendants at or shortly after the time of arrest, which were objected to and admitted over exception. But these rulings are not assigned as error, and therefore require no consideration at this time. 4. That four dates were charged in the indictment, and three were excluded from the consideration of the jury; hence, a general verdict of guilty was contrary to the charge of the court. But if the conditions of the statute were met on one date. the crime was complete.

Moreover, the assignment of error covering this point, that "the verdict was contrary to the court's charge and contrary to the evidence" fails to point out any ruling by the court.

The second main point is that chapter 155 of *Pamph. L.* 1934 is unconstitutional. For this four grounds are specified. Two are substantially the same, viz., due process of law, guaranteed by the fifth and fourteenth amendments of the federal constitution. As to these, we are content to rest on the very recent decision of this court in *State* v. *Bell,* 15 *N. J. Mis. R.* 109; 188 *Atl. Rep.* 757. "Double jeopardy" is claimed; but no prior conviction or indictment was even suggested. It will be time enough to take up this point when there is a second indictment for the same offense. Further it is specified in the brief that "the vagueness and indefiniteness of the act would create concurrent jurisdiction in every county in the state." No doubt such concurrent jurisdiction would exist in every county where the act is violated; as indeed it should exist. Finally, that the act is *ex post facto* in this case because the Pennsylvania convictions of crime that were proved as an element of the present statutory offense took place some years ago. But the statute is not aimed at punishing convicted criminals because they are convicted criminals, but because, being such, they become members of a gang organized to plot and commit further crimes, and neglect or refuse to engage in any lawful occupation. The act is therefore predicated on two present and voluntary acts of the party, both of which must concur: voluntary membership in a gang; and voluntary abstention from work. We see no *ex post facto* legislation here.

Finding no legal error properly laid before us under this writ, the judgment of conviction is affirmed.