THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.*
VÍCTOR QUIÑONES RAMOS, Defendant and Appellant.

No. 15289. Argued November 14, 1952.—Decided December 2, 1952.

*José Veray, Jr.,* for appellant. *Juan B. Fernández Badillo,
Acting Secretary of Justice, (Víctor Gutiérrez Franqui,
Former Secretary of Justice,* on the brief) and *J. Rivera
Barreras, Fiscal of the Supreme Court,* for appellee.

MR. JUSTICE PÉREZ PIMENTEL delivered the opinion of the
Court.

The only question to be decided herein is whether or not
the Weapons Act of Puerto Rico—Act No. 17 of January 19,
1951—is *ex post facto,* because of the fact that § 4 thereof
makes it a felony for a person who had already been con-
victed of a felony prior to the effective date of such Act to
bear or carry a weapon.

In the former District Court of Puerto Rico, Aguadilla
Section, an information was filed against the appellant,
which insofar as pertinent, reads:

"The aforesaid defendant Víctor Quiñones Ramos, on or about the 20th day of May, 1951, and in Aguadilla, P. R., which forms part of the District Court of Puerto Rico, Aguadilla Section, did unlawfully and voluntarily bear or carry a knife, said knife being a deadly weapon with which great bodily harm or even death may be caused, the bearing or carrying of such weapon not being on the occasion of its use as an instrument proper of an art, sport, profession, occupation or trade.

"The District Attorney further alleges that this same defendant Víctor Quiñones Ramos, was sentenced by the District Court of Aguadilla, P. R., to one year imprisonment in the Penitentiary for the offense of rape, on June 25, 1941, sentence which he served, is final and from which no appeal was taken."

The defendant moved in the lower court to strike out the last paragraph of the information, that is, that paragraph in which he is charged with having been previously convicted of rape, setting forth as a ground therefor that the afore-mentioned allegation makes the offense stated in the information a felony when it would normally be a misdemeanor, and that, should said allegation stand, it would make the Weapons Act retroactive in its effect and, therefore, *ex post facto*. The motion having been denied, the trial was held on the merits, and the lower court found defendant guilty, sentencing him to a term of not less than one nor more than one and a half years in the Penitentiary. From said sentence he appealed, and assigns the following as the sole error committed:

"The District Court of Puerto Rico, Aguadilla Section, manifestly erred in convicting the defendant of a violation of Section 4 of Act No. 17, approved January 19, 1951, known as the Weapons Act of Puerto Rico, classifying the offense of bearing arms as a felony instead of as a misdemeanor."

 Section 4 of the Weapons Act of Puerto Rico,[1] which defendant is alleged to have violated, reads:

---

[1] Act No. 17, enacted January 19, 1951. This Act has been subsequently amended but said amendments do not affect the Sections we discuss, nor the legal problem involved herein.

"Any person who possesses, bears or carries any weapon of the kind commonly known as blackjack, billy, or metal knuckles; and except when they are borne or carried on the occasion of their use as instruments proper of an art, sport, profession, occupation, or trade, any person who bears or carries any weapon of the kind commonly known as knife, dirk, dagger, sword, slungshot, sword cane, spear, jackknife, stiletto, icepick, or any similar instrument, including also safety razor blades and bludgeons when drawn, exhibited, or used in the commission of a public offense or in the attempt of such commission; and any person who uses against another any of the weapons above named in this section, shall be guilty of a misdemeanor and if previously convicted of any violation of this Act, or of any of the offenses listed in Section 17(b) hereof, shall be guilty of felony."

Section 17 of said Act provides:

"Section 17.—The Chief of Police of Puerto Rico shall not issue a license to have and possess a firearm to any person convicted in or outside Puerto Rico, of any of the following offenses or of the attempt to commit the same: murder in any degree, voluntary manslaughter, kidnapping, rape, mayhem, assault with the intent to commit murder or manslaughter, aggravated assault and battery, when such offense was committed with a cutting, piercing or fire weapon, robbery, burglary, larceny, arson, incest, violation of Act No. 53 of June 10, 1948, as amended or violation of Act No. 220 of May 15, 1948, as amended, or violation of Section 371 of the Penal Code; nor to any person who is mentally unbalanced, or a habitual drunkard or a narcotic or drug addict; nor to any person convicted for the violation of the provisions hereof."

Appellant contends that, as a general rule, any statute which in relation with the offense or its consequences may alter the situation of the accused to his disadvantage, is *ex post facto*. To that effect he cites, among others, the case of *Fernández* v. *Rivera, Warden*, 70 P.R.R. 859, wherein this Court summarized the doctrine on the subject matter, saying that it was *ex post facto:*

"1. Every law that makes an action done before the passing of the law, and which was innocent when done, criminal; and punishes such action.

"2. Every law that aggravates a crime, or makes it greater than it was, when committed.

"3. Every law that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed; and

"4. Every law that alters the legal rules of evidence, and receives less, or different testimony, than the law required at the time of the commission of the offense, in order to convict the offender."

The appellant further argues, and this is the position which he assumes, that in its § 4, the Weapons Act alters his situation to his disadvantage in that it provides a heavier punishment for, and aggravates, the offense, because of the mere fact that the defendant had been previously convicted of the offense of rape, committed several years prior to the effective date of the Weapons Act. In his judgment such provision of law is a violation of the *ex post facto* clause in paragraph 8, § 2, of the Organic Act then in force and which provided that: "No *ex post facto* law shall be enacted . . ."

The defendant's contention is groundless. He was sentenced for a violation of the Weapons Act committed after the effective date of said Act. He was punished, not for his prior offense of rape, but rather for the subsequent offense. The fact is that the Weapons Act authorizes that the prior conduct of the defendant be taken into consideration for the purpose of fixing the nature of the offense and the punishment therefor. The prior conviction does not constitute a new offense; it merely brings the defendant within a specific class for which the Act fixes a heavier punishment.

The doctrine excluding statutes of this nature from the *ex post facto* clause, has been expounded in the following manner:

"And a law is not objectionable as *ex post facto* which, in providing for the punishment of future offenses, authorizes the offender's conduct in the past to be taken into the account, and the punishment to be graduated accordingly. Heavier penal-

ties are often provided by law for a second or any subsequent offense than for the first; and it has not been deemed objectionable that, in providing for such heavier penalties, the prior conviction authorized to be taken into the account may have taken place before the law was passed. In such case, it is the second or subsequent offense that is punished, not the first; ..." (Cooley's *Constitutional Limitations*, 8th Ed., Vol. 1, p. 553.)

"A statute providing that the punishment for an offender shall be increased if he has previously been convicted is not *ex post facto* because applied where the previous conviction or convictions took place before its enactment; ..." (16 C.J.S., p. 901, § 450.)

In *People* v. *James*, 235 Pac. 81 (1925), the constitutionality of the Weapons Act of California was assailed on the ground that it was *ex post facto*. That statute prohibited certain persons, ex convicts in felony cases among others, to possess or have in their custody or under their control any pistol, revolver or firearm which they might carry concealed on their person. In holding that the statute was valid, the District Court of Appeals of that State said:

"By the very terms of the act defendant is excluded from the right to own or possess firearms, and it is within the power of the Legislature to say that such ownership or possession in a person convicted of a felony may be harmful to the public welfare and to prescribe a penalty therefor. *Ex parte Rameriz*, 193 Cal. 633, 226 Pac. 914, 918, 34 A.L.R. 51. By being prosecuted upon the present charge the defendant is not again being punished for his past offense, but his conviction of such offense creates a condition in which the subsequent commission of another and different act renders him amenable to prosecution for that act. The prior conviction constitutes no new offense, itself, but merely brings defendant within a class capable of committing the offense with which he is charged. *People* v. *King*, 64 Cal. 340, 30 Pac. 1028; *People* v. *Stanley*, 47 Cal. 113, 17 Am. Rep. 401. It is to be observed in this connection that unnaturalized foreign-born persons, bearing no stigma of any prior conviction, are by the act placed under the same disability. It seems to be plain that the inhibition against ownership or possession of a certain class of firearms is referred to the status of the persons affected.

"The constitutionality of the act is also assailed upon the ground, as claimed, that it is an *ex post facto* law and retroactive in operation if construed as applying to the present charge against defendant, since the prior conviction pleaded was had before the instant act became operative.

"A law is not objectionable as *ex post facto* which in providing for the punishment of future offenses authorizes the offender's conduct in the past to be taken into account and the punishment to be graduated accordingly. Heavier penalties are often provided by law for a second or any subsequent offense than for the first; and it has not been deemed objectionable that in providing for such heavier penalties the prior conviction authorized to be taken into account may have taken place before the law was passed. *Ex parte Gutiérrez*, 45 Cal. 429; *Rand* v. *Commonwealth*, 9 Grat. (Va.) 738; *Cooley's Const. Lim.* (7th Ed.) 382. In such case it is the second or subsequent offense which is punished, not the first." (235 Pac. 82.)

The Federal Firearms Act was similarly assailed.[2] In *United States* v. *Platt*, 31 F. Supp. 788, the contention that said Act was *ex post facto* and unconstitutional was rejected. It was said therein:

"The defendant says, however, that the Federal Firearms Act, passed long after his conviction for a crime of violence, is as to him an ex post facto law in that it alters his situation, to his disadvantage, from what it was at the time he committed the crime of which he was convicted. He earnestly argues, through able counsel appointed by the Court, that if he had known, before he committed the offense for which he was convicted in the State court in 1933, that in 1938 Congress

---

[2] Section 2(*e*) and (*f*) of said Act, 52 Stat. 1250, 15 U.S.C.A., §§ 901–909 read as follows:

"(*e*) It shall be unlawful for any person who is under indictment or who has been convicted of a crime of violence or who is fugitive from justice to ship, transport, or cause to be shipped or transported in interstate or foreign commerce any firearm or ammunition.

"(*f*) It shall be unlawful for any person who has been convicted of a crime of violence or is a fugitive from justice to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce, and the possession of a firearm or ammunition by any such person shall be presumptive evidence that such firearm or ammunition was shipped or transported or received, as the case may be, by such person in violation of this chapter."

would pass a law subjecting him to prosecution and punishment for a thing perfectly legal if done by the ordinary citizen, this knowledge might have deterred him from committing the first offense; and that, despite the legal reasonings in the habitual criminal cases, he is now punished again, in effect, for the crime of which he was convicted in 1933. This same argument may not have been as earnestly presented against the various habitual criminal acts, but it could have been.

"Counsel seeks to make this distinction: that it is not necessary, in order to *convict* under the habitual criminal acts, to show a prior conviction but that such evidence merely enters into the picture to affect or fix the punishment; whereas under the Federal Firearms Act, the allegation and evidence of prior conviction is *indispensable to conviction*. This distinction, however, is not such as to affect the application of the legal principles involved.

"The Federal Firearms Act simply creates a *class* subject to its provisions, to wit, persons who have been convicted of crimes of violence; and makes unlawful the receipt, transportation or shipment of firearms in interstate commerce by such persons. It does not seek to punish again *for crimes already committed*. The punishment provided, in event of conviction, is for the offense committed *after* the statute went into effect. It is, therefore, valid as against the challenge that it is ex post facto."

The Court of Appeals for the First Circuit has already passed upon the question in *Cases* v. *United States*, 131 F. 2d 916. We copy therefrom:

"The Federal Firearms Act is prospective only. That is, under it no one in the class described may be convicted for having transported or received either a firearm or ammunition at any time prior to its passage. In the ordinary sense, then, it is not an ex post facto law. But the appellant contends that it is an ex post facto law as applied to him because it imposes upon him an additional penalty for a crime which he committed and for which he was convicted before the Act was passed.

" . . . . . . . . . . . .

"By the test indicated the Federal Firearms Act is clearly not an *ex post facto* law invalid under Article I, § 9, of the Constitution. Looking at the Act as a whole it is abundantly plain that in enacting it Congress was in no way interested in imposing an additional penalty upon those who at some time in the past had been convicted of a crime of violence. In the Act Congress sought to protect the public by preventing the transportation and possession of firearms and ammunition by those who, by their past conduct, had demonstrated their unfitness to be entrusted with such dangerous instrumentalities, and certainly no one can seriously contend that the test of unfitness which Congress established is irrelevant to this purpose. Surely it is reasonable to conclude that one who was been convicted of a crime of violence is the kind of a person who cannot safely be trusted to possess and transport arms and ammunition, and the fact that he may have reformed or that in some cases the test may operate harshly, does not invalidate the test. *Hawker* v. *New York*, 170 U. S. 189, 197, 18 S. Ct. 573, 42 L. Ed. 1002. See, also, *McDonald* v. *Massachusetts*, 180 U. S. 311, 21 S. Ct. 389, 45 L. Ed. 542."

Many decisions from other jurisdictions hold the same doctrine. See *Ex parte Brown*, 211 P. 2d 293 (Okl.–1949); *State* v. *Rowe*, 181 Atl. 706 (N. J. 1935); *State* v. *Pius*, 192 Atl. 89 (N. J. 1937); *State* v. *Tully*, 89 P. 2d 517 (Wash. 1939); *People* v. *James*, 235 Pac. 81 (Cal. 1925); *Ex parte Morris*, 163 N. Y. S. 907 (N. Y. 1916); *People* v. *Smith*, 36 C. A. 88 (Cal. 1918); *Ex parte Rosencrantz*, 271 Pac. 902 (Cal. 1928); *State* v. *Zywicki*, 221 N. W. 900 (Minn. 1928); *Cochran* v. *Simpson*, 53 P. 2d 502 (Kansas, 1936). 132 A.L.R. 91; 139 A.L.R. 673.

Said legal doctrine applies to appellant's case, and, therefore, we must reject his contention and hold, as we now hold, that § 4 of the Weapons Act of Puerto Rico is neither violative of the *ex post facto* clause nor unconstitutional.

The judgment appealed from will be affirmed.