[Crim. No. 12215. First Dist., Div. Three. Oct. 31, 1974.]

THE PEOPLE, Plaintiff and Respondent, v.
CHARLES DUBOSE, Defendant and Appellant.

**COUNSEL**

Jordan Stanzler, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Daniel J. Kremer, Assistant Attorney General, A. Wells Petersen and Harley D. Mayfield, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**DRAPER, P. J.**—One who has been convicted of a felony is guilty of a crime if he possesses a firearm capable of concealment upon the person (Pen. Code, § 12021). Found guilty by a jury of this offense, defendant was sentenced to state prison. He appeals. Appellant contends that the statute is unconstitutional. The issue was settled adversely to his contention in 1925 (*People* v. *James,* 71 Cal.App. 374 [235 P. 81] (hg. den.)) and has not been directly passed upon since then.

Appellant contends that modern developments in application of the equal rights provision and the due process requirement have vitiated the rationale underlying *James.* We cannot agree. "It is long since settled in this state that regulation of firearms is a proper police function" (*Galvan* v. *Superior Court,* 70 Cal.2d 851, 866 [76 Cal.Rptr. 642, 452 P.2d 930]). Restrictions upon possession of such weapons transgress no fundamental right (*United States* v. *Weatherford* (7th Cir. 1972) 471 F.2d 47, 52, cert. den., 411 U.S. 972 [36 L.Ed.2d 695, 93 S.Ct. 2144]).

Grouping of ex-felons as a class does not involve a suspect category (*Marshall* v. *United States,* 414 U.S. 417 [38 L.Ed.2d 618, 94 S.Ct. 700];

*United States* v. *Thoresen* (9th Cir. 1970) 428 F.2d 654, 658-60) and proscribing receipt of a firearm by one under indictment does not violate the equal protection clause (*United States* v. *Craven* (6th Cir. 1973) 478 F.2d 1329, 1339, cert. den., 414 U.S. 866 [38 L.Ed.2d 85, 94 S.Ct. 54]). We find no denial of equal protection.

 Nor is appellant aided by his attempted reliance upon recent developments in the rule requiring individual due process under overbroad prohibitory classifications which in effect set up a conclusive presumption as to all within the overbroad class (see, e.g., *Vlandis* v. *Kline,* 412 U.S. 441 [37 L.Ed.2d 63, 93 S.Ct. 2230]; *Stanley* v. *Illinois,* 405 U.S. 645 [31 L.Ed.2d 551, 92 S.Ct. 1208]; *Bell* v. *Burson,* 402 U.S. 535 [29 L.Ed. 2d 90, 91 S.Ct. 1586]). "[D]ue process of law does not require a hearing 'in every conceivable case of government impairment of private interest.' . . ." Inquiry as to " 'what procedures due process may require under any given set of circumstances must begin with a determination of the precise nature of the government function involved as well as of the private interest that has been affected by governmental action.' " (*Stanley* v. *Illinois, supra,* 405 U.S. 645, 650-651 [31 L.Ed.2d 551, 558]). As pointed out above, firearms regulation invades no fundamental individual right. The clear function and purpose of the Dangerous Weapons Control Act, of which section 12021 is a part, is to " 'minimize the danger to public safety arising from the free access to firearms that can be used for crimes of violence.' " (*People* v. *Washington,* 237 Cal.App.2d 59, 66 [46 Cal.Rptr. 545]). This strong governmental interest clearly outweighs the almost frivolous "burden" suffered by a convicted felon denied the "right" to carry a concealable weapon.

 Nor is there merit in appellant's claim that he is denied either equal protection or due process because section 12021 applies whether the prior conviction is of a nonviolent crime or one which does involve violence (see *United States* v. *Craven* (6th Cir. 1973) *supra,* 478 F.2d 1329, 1339). In light of *Craven,* we need not consider whether burglary, the crime of which appellant was earlier convicted, is a crime of violence. We should, however, find it difficult to conclude that violence is not inherent in the prospect of the burglar's reaction to unexpected discovery within the feloniously entered premises.

 We find no error in the overruling of appellant's objection to prosecution cross-examination as to his earlier possession of the same gun here involved. The cross was directly relevant to his blanket denial of having had the gun at any time other than that here charged. The prosecution merely brought out the fact of his earlier possession. The sugges-

tion that this earlier possession was in the course of commission of a robbery was brought out solely on redirect.

Judgment affirmed.

Brown (H. C.), J., and Good, J.,* concurred.

Appellant's petition for a hearing by the Supreme Court was denied December 26, 1974.

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.