[Crim. No. 31005. Second Dist., Div. Four. Jan. 30, 1978.]

THE PEOPLE, Plaintiff and Respondent, v.
LONNIE RAY BOOKER, Defendant and Appellant.

## COUNSEL

Glen H. Schwartz, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Norman H. Sokolow and William V. Ballough, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**FILES, P. J.**—A jury found defendant guilty of a violation of Penal Code section 12021 (possession of a firearm by a person who has been convicted of a felony). His appeal from the judgment raises the question whether his short-term possession of the firearm under the circumstances constituted a violation of the statute. We hold that it did, and distinguish *People* v. *Mijares* (1971) 6 Cal.3d 415 [99 Cal.Rptr. 139, 491 P.2d 1115], which involved handling a narcotic for the sole purpose of disposal.

There is no conflict in the material facts. Defendant's probation officer had suggested that defendant go to Texas to live with a relative. Defendant's sister owned a revolver, which she gave to defendant to pawn in order to raise the money for the trip. The sister did not go to the pawn shop because she was confined to a wheelchair and possessed no identification. Defendant took the gun, walked four blocks to the loan office, where he identified himself, signed the loan agreement, and left the gun. He then returned the pawn tickets to his sister.

At the trial, defendant offered the following jury instruction which the court refused to give: "The temporary custody of an item, which may be otherwise illegal to possess, does not constitute an illegal possession within the meaning of Penal Code Section 12021 when such temporary custody was for the purpose of disposal of such item."

Defendant relies upon *People* v. *Mijares, supra,* in which the Supreme Court held that the act of handling a narcotic for the sole purpose of disposal did not constitute unlawful possession in violation of Health and Safety Code section 11500 (now § 11350). In *Mijares,* the defendant pulled a package out of the pocket of a friend who had lost consciousness from an overdose, and threw the package into a field. The opinion of the Supreme Court describes the possession as "momentary."

In the present case, defendant's possession of the revolver cannot be characterized as momentary. He carried it through the city streets for four blocks, and was free to use it in any way he saw fit. As the court pointed out in *People* v. *Dubose* (1974) 42 Cal.App.3d 847, 850 [117 Cal.Rptr. 235], "The clear function and purpose of the Dangerous Weapons Control Act, of which section 12021 is a part, is to ' "minimize the danger to public safety arising from free access to firearms that can be used for crimes of violence." ' "

We need not and do not decide whether under some other circumstances, a brief possession of a firearm for the purpose of disposal might fall outside the proscription of section 12021.

In the present case defendant intentionally exercised dominion and control over the revolver for his own purpose and for a significant period of time. He violated both the letter and the spirit of section 12021. The evidence supports the judgment, and the special jury instruction offered

by defendant was properly refused because it was inapplicable to the evidence in the case.

The judgment is affirmed.

Kingsley, J., and Bigelow, J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.