[Civ. No. 68821. Second Dist., Div. Seven. Nov. 23, 1983.]

BARBARA JEANNE CARTER, Plaintiff and Appellant, v.
THE MUNICIPAL COURT FOR THE LOS ANGELES
JUDICIAL DISTRICT OF LOS ANGELES COUNTY,
Defendant and Respondent;
THE PEOPLE, Real Party in Interest and Respondent.

COUNSEL

Donald J. Zola for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

Ira Reiner, City Attorney, Jack L. Brown and Arthur B. Walsh, Deputy City Attorneys, for Real Party in Interest and Respondent.

OPINION

**PAEZ, J.**\*—On August 25, 1977, appellant, Barbara Jeanne Carter, entered a plea of guilty in the Los Angeles Municipal Court to driving a vehicle while under the influence of alcohol in violation of former Vehicle Code section 23102, subdivision (a).[1] Approximately four years later, on August 8, 1981, appellant was charged with violating the same code provision in the same court. On October 20, 1981, appellant entered a plea of nolo contendere to the second violation.

On January 11, 1982, appellant was again charged in the Los Angeles Municipal Court with driving a vehicle while under the influence of alcohol in violation of section 23152, subdivision (a) (formerly § 23102, subd. (a)). In this proceeding the 1977 and 1981 convictions were alleged as prior convictions for the purpose of enhancing punishment under newly enacted sections 23165 and 23170. Before trial appellant moved to strike the prior convictions as constitutionally invalid. (See § 23208.) The motions were denied. Appellant then sought a writ of prohibition from the superior court to restrain the municipal court from applying the prior convictions to en-

---

\*Assigned by the Chairperson of the Judicial Council.
[1]All references are to the Vehicle Code unless otherwise noted.

hance punishment at the time of sentencing.[2] On March 29, 1982, the superior court denied the petition and this appeal followed.[3]

## CONTENTIONS

Appellant contends that the superior court judgment must be reversed for the following reasons: (1) sections 23165 and 23170 when applied to pre-1982 convictions under former section 23102 constitute ex post facto laws in violation of the California and United States Constitutions; and (2) the 1977 and 1981 convictions are constitutionally invalid because appellant was not fully advised that the convictions could be used to increase the sentence for a future violation of the same offense. There is no merit to either contention. Accordingly, we affirm the judgment.

## DISCUSSION

 In 1981 the Legislature enacted major revisions of the laws relating to drinking and driving. (See Stats. 1981, chs. 939, 940 and 941.) The 1981 revision reorganized and renumbered existing Vehicle Code provisions, made substantive modifications and significantly increased the criminal and administrative penalties for driving under the influence of alcohol.[4] For purposes of this opinion we point out the following revisions:

Former section 23102, subdivision (a) remains substantially the same but is renumbered as section 23152, subdivision (a). The penalty for a second conviction of driving under the influence within five years is increased to include a minimum ninety-day jail sentence and a maximum fine ranging from $390 to $1,000. (§ 23165.) If probation is granted the court is re-

---

[2]On March 31, 1982, following a court trial, appellant was convicted of violating section 23152, subdivision (a). At appellant's request the municipal court continued sentencing until the disposition of this appeal.

[3]Appellant's appeal was filed on April 8, 1982, pursuant to Code of Civil Procedure section 904.1, subdivision (a). While this appeal was pending the Legislature amended this section to eliminate the right of appeal from a superior court judgment granting or denying a petition for extraordinary relief directed to a municipal court which relates to a matter pending in that court. (See Stats. 1982, ch. 931, p. 3387.) As amended subdivision (a) of section 904.1 now provides that an appellate court may exercise its discretion to review such a judgment upon petition for extraordinary relief. Recently, in *Andrus v. Municipal Court* (1983) 143 Cal.App.3d 1041 [192 Cal.Rptr. 341], the court held that this revision in subdivision (a) of section 904.1 applied to appeals pending on the effective date of the legislation—January 1, 1983. While the *Andrus* court articulates persuasive arguments for its holding, we find it unnecessary to consider this issue at any length. In our view the issues raised by appellant are important to the efficient and uniform implementation of the 1982 revisions in the drunk driving laws. Thus, whether we treat this matter as an appeal or petition for extraordinary relief we find it appropriate to reach the issues raised by appellant.

[4]See *Review of Selected 1981 California Legislation* (1982) 13 Pacific Law Journal 513, 787-799.

quired, as a condition of probation, to impose (1) confinement in the county jail for at least 10 days and payment of the fine (§ 23166, subd. (a)); or (2) confinement in the county jail for at least 48 hours, payment of the fine, a 1 year restriction on the defendant's driving privilege and participation in a year-long alcohol-education program (§ 23166, subd. (b)).

For a third or subsequent conviction of driving under the influence within 5 years, the penalty is increased to include a minimum 120-day jail sentence, revocation of the defendant's driving privilege for 3 years and payment of a fine ranging from $390 to $1,000. (§ 23170.) If probation is granted the court must, as a condition of probation, impose 120 days confinement in county jail, payment of the minimum fine, participation in a year-long alcohol-education program if the defendant has not successfully completed such a program, and 3 years revocation of the defendant's driving privilege. (§ 23171.)

The new penalties are substantially heavier than those under the former law. Prior to the 1981 revision the minimum sentence for a second or subsequent conviction of driving under the influence within 5 years was 48 hours confinement in jail and a fine ranging from $320 to $1,000. (Former § 23102, subd. (d).) If the court granted probation it was required to impose 48 hours confinement in jail and a fine ranging from $320 to $1,000 as conditions of probation. (Former § 23102, subd. (e).) Although the new penalties for repeat offenders are substantially greater, use of pre-1982 convictions[5] to enhance punishment under sections 23165 and 23170 does not constitute an ex post facto law.

■ " 'A statute has an ex post facto effect when it alters the situation of an accused to his disadvantage by: (a) making criminal an action innocent when done; (b) making more serious an act already criminal when done; (c) inflicting greater punishment than that attending the act at the time it was committed; or (d) permitting a person to be convicted with less than was required when the act was done. [Citation.]' " (*In re Bray* (1979) 97 Cal.App.3d 506, 510 [158 Cal.Rptr. 745].) It is clear that none of these considerations apply to the penalty enhancement provisions of the new law.

---

[5]Sections 23165 and 23170 do not expressly refer to convictions under former section 23102. The 1981 legislation, however, makes it clear that convictions under former section 23102 are "prior convictions" within the meaning of sections 23165 and 23170. Section 45 in chapter 940 of the Statutes of 1981 states in relevant part: "(b) Any reference in the provisions of the Vehicle Code to a prior offense of Section 23152 shall include a prior offense under Section 23102 or 23105, as those sections read prior to January 1, 1982." (See *People* v. *Andrade* (1983) 141 Cal.App.3d Supp. 36 [190 Cal.Rptr. 738]; *People* v. *Lujan* (1983) 141 Cal.App.3d Supp. 15, 29-30 [192 Cal.Rptr. 109]; see also Stats. 1982, ch. 53, § 45, p. 180.)

██ Former section 23102, subdivision (a) was in effect at the time of appellant's 1977 and 1981 offenses, and section 23152, subdivision (a), was in effect at the time of the 1982 offense. Clearly there is no attempt to make criminal an act innocent when done. Moreover, sections 23165 and 23170 do not increase the punishment for the prior convictions. Rather, the 1977 and 1981 convictions are merely factors to be considered by the court in determining the sentence for the 1982 conviction. As stated in *People* v. *James* (1925) 71 Cal.App. 374, at page 378 [235 P. 81]: "Heavier penalties are often provided by law for a second or any subsequent offense than for the first; and it has not been deemed objectionable that in providing for such heavier penalties the prior conviction authorized to be taken into account may have taken place before the law was passed. [Citations.] In such case it is the second or subsequent offense which is punished, not the first." (See also *In re Rosencrantz* (1928) 205 Cal. 534, 540 [271 P. 902]; *People* v. *Venegas* (1970) 10 Cal.App.3d 814, 823 [89 Cal.Rptr. 103].)

Our resolution of this issue is in accord with the recent case of *People* v. *Lujan, supra,* 141 Cal.App.3d Supp. 15. In *Lujan,* the Appellate Department of the San Bernardino Superior Court also held, inter alia, that the penalty enhancement provisions of sections 23165 and 23170 do not constitute an ex post facto law when applied to pre-1982 convictions. As the *Lujan* court aptly noted: "Without appellant['s] acts *after* the passage of the new legislation, sections 23152 [subd. (a)] and 23170 would not have come into play." (*Id.,* at p. 31; italics in original.)

██ Appellant next argues that the 1977 and 1981 convictions are constitutionally invalid because at the time of entering her pleas of guilty and nolo contendere she was not advised of the increased penalties for future violations mandated by the 1981 legislation. This argument is based on the declarations in support of the motions to strike the prior convictions. In those declarations appellant states that when she waived her constitutional rights in 1977 and 1981 she relied on the then existing state of the law, and had she been informed of the penalties under the 1981 legislation for repeat offenders she would not have waived her constitutional rights.

Although appellant conveniently refers to both the 1977 and 1982 convictions, the thrust of her argument is directed at the 1981 conviction, which occurred shortly after the Governor had approved the revisions in the drunk driving laws by signing Assembly Bill Nos. 7, 348 and 541. These measures were signed by the Governor on September 29, 1981, and became effective January 1, 1982, as chapters 939, 940 and 941 of the 1981 Statutes. Accordingly, we limit our discussion to the challenge to the 1981 conviction.[6]

---

[6]We note that the record shows that when appellant pled guilty to the 1977 charge she was advised of the increased sentence she would receive for a subsequent violation of former section 23102, subdivision (a).

■ In *In re Birch* (1973) 10 Cal.3d 314 [110 Cal.Rptr. 212, 515 P.2d 12], our Supreme Court held that before a guilty plea can be accepted from a misdemeanant defendant, he must be advised of the primary and direct consequences of his imminent conviction. This obligation, however, "relates to consequences directly involved in the criminal case itself, and not to collateral consequences." (*People* v. *Searcie* (1974) 37 Cal.App.3d 204, 211 [112 Cal.Rptr. 267].) While it is desirable that defendants be informed of the increased minimum sentence for future convictions of the same offense such advice is not required.

■ The increased minimum sentence that a defendant would receive for a later conviction of the same offense is an indirect or collateral consequence of the conviction. (*Ganyo* v. *Municipal Court* (1978) 80 Cal.App.3d 522, 527, fn. 1 [145 Cal.Rptr. 636]; see also *Hartman* v. *Municipal Court* (1973) 35 Cal.App.3d 891, 893 [111 Cal.Rptr. 126]; *People* v. *Salazar* (1979) 96 Cal.App.3d Supp. 8, 14 [157 Cal.Rptr. 834].) That is, the enhanced sentence will only apply if the defendant is convicted of a future offense. In these circumstances the enhanced sentence is not part of the pending case or a direct consequence of the defendant's underlying conviction. **(3b)** Thus, at the time of appellant's 1981 conviction, the municipal court was not required to advise her of the increased sentence she would receive for a subsequent conviction of former section 23102, subdivision (a) or the increased penalties under the newly enacted, but not yet effective, sections 23165 and 23170.

DISPOSITION

The judgment is affirmed.

Schauer, P. J., and Thompson, J., concurred.