*Supp. 3 Opinion
SNOWDEN, P. J.
As of January 1, 1987, an amendment to Vehicle Code section 23206[1] permits probation terms of up to five years for persons convicted of misdemeanor violations of section 23152 or 23153. We hold that the application of that section to persons who committed offenses before its effective date to be ex post facto.
Appellant was charged in Napa Municipal Court with driving under the influence of alcohol (§ 23152, subd. (a)) and with a .10 percent or more blood-alcohol level (§ 23152, subd. (b)). The date of the alleged offenses was August 26, 1986; the complaint was filed September 24, 1986. He pleaded guilty to the first count on March 4, 1987, and the second was dismissed. At sentencing he was, over objection, placed on five years probation. He appeals contending that the imposition of a five-year term of probation is an ex post facto application of the law.
At the time of the offense, section 23206 provided in part: “(b) If any person is convicted of a violation of Section 23152 or 23153 and is granted probation, the terms and conditions of probation shall include, but not be limited to the following: [fl] (1) A period of probation not less than three years.”
Although the phrase “not less than” was used, the term in misdemeanor cases could also not exceed three years, because Penal Code section 1203a provided in part that: “[In a misdemeanor case, the court] shall have power to suspend the imposing or the execution of the sentence, and to make and enforce the terms of probation for a period not to exceed three years; ...”
Section 23206 was modified effective January 1, 1987, to provide in part as follows: “(b) If any person is convicted of a violation of Section 23152 or 23153 and is granted probation, the terms and conditions of probation shall include, but not be limited to the following: [fl] (1) Notwithstanding Section 1203a of the Penal Code, a period of probation not less than three nor more than five years; ...” Appellant objects to the application of this amendment to his 1986 offense.
Both the federal and state Constitutions prohibit ex post facto laws. (U.S. Const., art. I, § 10; Cal. Const., art. I, § 9.) The United States Supreme Court recently discussed this prohibition, noting that as early as 1798 it was held to invalidate: “‘1st. Every law that makes an action done before the passing of the law, and which was innocent when done, criminal; and *Supp. 4 punishes such action. 2d. Every law that aggravates a crime, or makes it greater than it was, when committed. 3d. Every law that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed. 4th. Every law that alters the legal rules of evidence, and receives less, or different testimony, than the law required at the time of the commission of the offense, in order to convict the offender.’ ” (Miller v. Florida (1987) 482 U.S. 423, 429 [96 L.Ed.2d 351, 359, 107 S.Ct. 2446], quoting Calder v. Bull (1798) 3 Dali. 386 [1 L.Ed. 648], italics omitted.)
The court went on to set forth the basis of the modern application of the prohibition: “Our test for determining whether a criminal law is ex post facto derives from these principles. As we stated in [Weaver v. Graham (1981) 450 U.S. 24 (67 L.Ed.2d 17, 101 S.Ct. 960)] to fall within the ex post facto prohibition, two critical elements must be present: first, the law ‘must be retrospective, that is, it must apply to events occurring before its enactment’; and second, ‘it must disadvantage the offender affected by it.’ Id., at 29, 101 S.Ct. at 964. We have also held in Dobbert v. Florida, 432 U.S. 282, 97 S.Ct. 2290, 2293, that no ex post facto violation occurs if a change does not alter ‘substantial personal rights,’ but merely changes ‘modes of procedure which do not affect matters of substance.’ ” (Id. at p. 430 [96 L.Ed.2d at p. 360].)
The first issue is thus whether section 23206 is being applied retrospectively to defendant. The People argue that because appellant had the opportunity to plead guilty in 1986 but failed to do so until 1987, the law is being applied prospectively. In making this argument they apparently contend that in an ex post facto analysis, the law in effect at the time of sentencing is that with which later enactments are compared. This is not, and never has been, correct; it is the law in effect at the time of the commission of the offense which controls. (Calder v. Bull, supra, 3 Dali. 386; Miller v. Florida, supra, 482 U.S. 423 [96 L.Ed.2d 351]; People v. Sobiek (1973) 30 Cal.App.3d 458 [106 Cal.Rptr. 519].)[2] At the time appellant was arrested, the law provided for a maximum probation term of three years; the five-year term was applied retrospectively.
The second issue is whether “substantial personal rights” are affected by the longer period of probation or whether the change in the law *Supp. 5 was merely procedural. It is clear that the latter are not proscribed under the ex post facto doctrine. (Weaver v. Graham, supra, 450 U.S. 24; In Re Jackson, supra, 39 Cal.3d 464.) Not so clear, however, is what laws are deemed procedural for these purposes. If a law affects substantial personal rights it may be ex post facto even if apparently procedural in form. (Weaver v. Graham, supra, 450 U.S. 24.) The California Supreme Court has noted that: “As to all but the most obvious examples of ex post facto legislation, in short, the general rule is that there is no general rule. Each new statute challenged on this ground must be individually weighed in the constitutional scales, in the context of a specific case, and the outcome will often depend on matters of degree—e.g., on how substantial is the right that the statute impairs and how significant is that impairment. Plainly these are questions on which reasonable judges may differ. Indeed, in close cases the decision will inevitably turn on such subtle factors as the court’s sense of fair play and justice.” (People v. Smith (1983) 34 Cal.3d 251, 260 [193 Cal.Rptr. 692, 667 P.2d 149].)[3]
There appear to be no cases considering the question of whether extending the maximum period of probation affects substantial personal rights such that retrospective application would be ex post facto. The issue has, however, been considered in cases dealing with the analogous subject of parole. The adoption of the determinate sentencing law brought with it various new parole terms. In some situations the application of this law to persons sentenced under the prior indeterminate sentencing law resulted in longer parole terms. Such results have been held to be ex post facto. (In re Bray, supra, 97 Cal.App.3d 506; In re Thompson (1980) 104 Cal.App.3d 950 [164 Cal.Rptr. 99]; In re Morales (1981) 115 Cal.App.3d 456 [171 Cal.Rptr. 425]; In re Harper (1979) 96 Cal.App.3d 138 [157 Cal.Rptr. 759].)
Although in some contexts significant differences exist between rules of law applicable to parolees and probationers (see e.g., People v. Bravo (1987) 43 Cal.3d 600 [238 Cal.Rptr. 282, 738 P.2d 336]), the distinctions are not pertinent to this case. The court in In re Carabes (1983) 144 Cal.App.3d 927 [193 Cal.Rptr. 65] highlighted important aspects of parole, noting that “Though the purpose of parole is to provide a testing period for reintegration of the prisoner into society, the consequences of being on parole are penal. A parolee is, in a real sense, an ‘outside inmate.’ Parole entails a significant array of impositions and liberty curtailment, such as warrantless search and seizure and severe restrictions on travel and other conduct affecting practically every aspect of the parolee’s life.” (Id. at pp. 931-932.) *Supp. 6 Similarly appellant’s probation imposes a number of conditions including completion of a drinking driver’s program, obeying all laws, not consuming alcohol to excess, submitting to chemical testing upon request of law enforcement officers and not driving with any measurable amount of alcohol in his system. All of these are reasonable conditions of probation, but they represent significant limitations on appellant’s conduct. Indeed many of them expose him to potential punishment for conduct which would be lawful were he not on probation. As was succinctly stated in In re Thompson, supra, 104 Cal.App.3d at page 954, “It is the purest sophistry to argue there is no increase in punishment. A determinate term followed by a precise time for parole has been lengthened. That is ex post facto.” The same situation is present here. A precise maximum term of probation has been extended after the commission of the offense. We hold that to be ex post facto.
The judgment is reversed insofar as it imposes a period of probation in excess of three years. In all other respects it is affirmed.
Stevens, J., and Walker, J., concurred.

Unless otherwise noted all statutory references are to the Vehicle Code.

The confusion may arise from cases occurring after the adoption of the determinate sentencing law July 1, 1977. Several cases have held that it had the effect of vesting prisoners with rights as if they had enjoyed them at the time of the commission of their crimes. (See In re Jackson (1985) 39 Cal.3d 464, 470, fn. 5 [216 Cal.Rptr. 760, 703 P.2d 100]; see also In re Bray (1979) 97 Cal.App.3d 506 [158 Cal.Rptr. 745].) These cases, however, base their ex post facto analysis upon reference to the law in effect at the time of the commission of the crime.

 For extensive compilations of cases construing the substantial rights—procedure distinction, see In re Jackson, supra, 39 Cal.3d 464, at text accompanying footnote 7, and People v. Sobiek, supra, 30 Cal.App.3d at 458.