207 Cal.App.3d 78 (1989)
254 Cal. Rptr. 567
THE PEOPLE, Plaintiff and Respondent,
v.
JAIME ALLEN SWEET et al., Defendants and Appellants.
Docket No. B037255.
Court of Appeals of California, Second District, Division Six.
January 11, 1989.
*80 COUNSEL
James L. Crowder and S.R. Balash, Jr., for Defendants and Appellants.
*81 Thomas W. Sneddon, Jr., District Attorney, and Gerald McC. Franklin, Deputy District Attorney, for Plaintiff and Respondent.
OPINION
STONE (S.J.), P.J.
May a statute which increases punishment on a new drunk driving conviction where the defendant has incurred prior convictions for that offense within seven years be applied to prior convictions entered when five years was the maximum period in which prior convictions could be used for that purpose? We find that it may. Defendants Sweet and Crook appealed to the superior court appellate department from the municipal court's denial of their challenges to use of prior drunk driving convictions to increase their punishment on the present convictions of Vehicle Code section 23152.[1] The appellate department consolidated both cases for purposes of its opinion, affirmed the municipal court's ruling, and we granted appellants' request to certify the question to this court for resolution. (Cal. Rules of Court, rule 63.)
At the time appellants entered pleas which led to their prior convictions for driving under the influence (former § 23102, subd. (a)), the law provided for enhanced punishment of a person previously convicted of drunk driving within five years of the current offense (former § 23102, subd. (d)). In 1981, the Legislature redefined the offense of driving while intoxicated and increased the criminal penalties. (§§ 23152, 23153, 23165, 23170, 23175.) Sections 23165, 23170 and 23175 provided enhanced punishment according to the number of prior convictions within five years of the current offense. In 1986, the Legislature extended the period to seven years in which prior convictions could be alleged to enhance punishment on a present conviction of sections 23103, 23152, or 23153. (Stats. 1986, ch. 1117, § 2 (§ 23165), § 3.5 (§ 23170), § 6 (§ 23175).)
Appellants claim that use of their prior convictions incurred over five years before the current offense, though less than seven years, is barred. Specifically, they argue that: (1) they had a "vested right" in a defense of a five-year statute of limitations on the prior convictions and that the priors "expired" at the end of the fifth year; (2) they were promised that five years was the outer limit on use of the prior conviction at the time they entered their pleas, were justified in relying on the clear language of the waiver forms and the law in effect at the time of their pleas, and should have the benefit of their plea bargain; (3) application of the longer statute is unconstitutional *82 since it deprives them of a vested defense in violation of ex post facto principles; (4) the amendments must apply only to offenses committed after January 1, 1982, or within five years of January 1, 1987, the effective date of the amendment; and (5) it is "simply unfair" and in violation of due process to impose additional punishment based upon unforeseen changes in the law.

1. Amendment Not Ex Post Facto

(1) An ex post facto law is one which punishes as a crime an act previously committed and innocent when committed, aggravates the crime or makes it greater than when committed, makes more burdensome the punishment for a crime after its commission, alters the legal rules of evidence, receiving less or different testimony than the law required at the time the offense was committed, or deprives one charged with crime of any defense legally available when the act was committed. (Miller v. Florida (1987) 482 U.S. 423, 429 [96 L.Ed.2d 351, 359, 107 S.Ct. 2446]; Calder v. Bull (1798) 3 U.S. (3 Dall.) 386 [1 L.Ed. 648].) The central concern to the ex post facto prohibition is "`the lack of fair notice and governmental restraint when the legislature increases punishment beyond what was prescribed when the crime was consummated.'" (Miller v. Florida, supra, 482 U.S. at p. 430 [96 L.Ed.2d at p. 360], quoting Weaver v. Graham (1981) 450 U.S. 24, 30 [67 L.Ed.2d 17, 24, 101 S.Ct. 960].)
To fall within the ex post facto prohibition, the law must apply to events occurring before its enactment, and must disadvantage the offender affected by it. (Miller v. Florida, supra, 482 U.S. at p. 430 [96 L.Ed.2d at p. 360].) However, no ex post facto violation occurs if the change is merely procedural. (Ibid.) An example of changes deemed merely procedural would be a statute which, after indictment, enlarges the class of persons who may be witnesses at the trial, or rules of evidence after the indictment which render admissible against the accused evidence previously held inadmissible. (Beazell v. Ohio (1925) 269 U.S. 167, 170-171 [70 L.Ed. 216, 218, 46 S.Ct. 68].) Even if the law operates to the defendant's detriment, it is not ex post facto if it does "`not increase the punishment, nor change the ingredients of the offence or the ultimate facts necessary to establish guilt.'" (Miller v. Florida, supra, 482 U.S. at p. 433 [96 L.Ed.2d at p. 362].)
(2) Statutes enacting punishment for a defendant convicted of violating section 23152 with prior convictions do not have the effect of being ex post facto laws. (See People v. Lujan (1983) 141 Cal. App.3d Supp. 15, 31 [192 Cal. Rptr. 109] disapproved on other grounds in Burg v. Municipal Court (1983) 35 Cal.3d 257, 265 [198 Cal. Rptr. 145, 673 P.2d 732].) It is the law in effect at the time of commission of the offense which controls. (People v. *83 Williams (1988) 200 Cal. App.3d Supp. 1, 4 [246 Cal. Rptr. 464]; Miller v. Florida, supra, 482 U.S. 423.) Both section 23152 and the enhancement statutes, sections 23165 (one prior conviction), 23170 (two prior convictions), and 23175 (three or more prior convictions), were in force before appellants' present convictions and apprised them of the possible consequences of a new violation. (See People v. Weaver (1984) 161 Cal. App.3d 119, 125 [207 Cal. Rptr. 419].) Without their acts after passage of the new legislation, the enhanced punishment of these statutes would not come into play. (People v. Lujan, supra, 141 Cal. App.3d Supp. at p. 31; People v. Venegas (1970) 10 Cal. App.3d 814, 823 [89 Cal. Rptr. 103].)
Consequently, crimes for which appellants are punished are not the earlier convictions, but the subsequent offense of which the prior conviction constitutes only one element. (People v. Lujan, supra, at p. 31.) The sentence imposed upon an habitual offender is not an additional punishment for the earlier crime, but "a stiffened penalty for the latest crime," which is considered aggravated because of its repetitive nature. (Gryger v. Burke (1948) 334 U.S. 728, 732 [92 L.Ed. 1683, 1687, 68 S.Ct. 1256]; see also In re Foss (1974) 10 Cal.3d 910, 922 [112 Cal. Rptr. 649, 519 P.2d 1073] disapproved on other grounds in People v. White (1976) 16 Cal.3d 791, 796-797, fn. 3 [129 Cal. Rptr. 769, 549 P.2d 537].) Additionally, a statute does not function retroactively "merely because it draws upon facts antecedent to its enactment for its operation. [Citation.]" (People v. Venegas, supra, 10 Cal. App.3d 814, 823; accord: People v. Weaver, supra, 161 Cal. App.3d 119, 125.)
There is no constitutional bar preventing application of the statute to later offenses solely because the prior conviction which serves as a basis for enhancement was committed before the habitual offender statute was enacted. (See People v. Jackson (1985) 37 Cal.3d 826, 833 [210 Cal. Rptr. 623, 694 P.2d 736] disapproved on other grounds in People v. Guerrero (1988) 44 Cal.3d 343 [243 Cal. Rptr. 688, 748 P.2d 1150].)

2. Former Five-year Period Not a Statute of Limitations

Appellants argue that the cases construing the application of Penal Code section 667 enhancements as not ex post facto  e.g., People v. Jackson, supra  are inapposite because there was no previous "promise" of limited use or no statute of limitations prior to enactment of section 667. We find the former five-year period adds a distinction without difference in the analysis of Jackson and other cases interpreting habitual offender statutes.
(3) The extension of a period of limitations is a change in procedure only, to which the ex post facto doctrine does not apply. (People v. Eitzen (1974) 43 Cal. App.3d 253, 266-267 [117 Cal. Rptr. 772]; People v. Sample *84 (1984) 161 Cal. App.3d 1053, 1057 [208 Cal. Rptr. 318].) Only where the limitations period has already expired, barring prosecution, will an amendment effectively extending the statutory period not apply to an offense committed before the legislative change. (People v. Sample, supra, at p. 1057; Sobiek v. Superior Court (1972) 28 Cal. App.3d 846 [106 Cal. Rptr. 516].) This rule is sustainable on grounds other than ex post facto. A statute of limitations in a criminal case is a substantive, rather than procedural, right, and a conviction based on acts occurring outside the statutory period is invalid and may be attacked at any time. (People v. Superior Court (Jennings) (1986) 183 Cal. App.3d 636, 645 [228 Cal. Rptr. 357] disapproved on other grounds in People v. Morris (1988) 46 Cal.3d 1, 18 [249 Cal. Rptr. 119, 756 P.2d 843].) The court has no authority to proceed in a criminal case once the statutory period has run. (Ibid.)
Amendments to statutes which extend periods of probation or parole after the defendant has committed the offense but while still subject to the restraints of probation or parole have been held to be ex post facto. (See People v. Williams, supra, 200 Cal. App.3d Supp. 1; In re Bray (1979) 97 Cal. App.3d 506 [158 Cal. Rptr. 745]; In re Thomson (1980) 104 Cal. App.3d 950 [164 Cal. Rptr. 99].) Imposition of a longer period of parole or probation enacted after a defendant committed the offense but while still subject to these constraints affects substantial rights and deprives the defendant of a protection to which he became entitled under the previous statute. (See In re Bray, supra, at pp. 511-513.) Here, however, no statute of limitations has been violated since appellants were convicted and had completed their sentences before the new statutes were enacted.
(4) Appellants argue that the priors have expired or were expunged because of the five-year outside limit for use under the prior statute. They contend they were in the same position as if they had never been convicted. We disagree. The law has historically held that even a pardon, which exempts the individual from the punishment the law inflicts for the crime that he has committed, does not make the offender "`as innocent as if he had never committed the offense.'" (People v. Biggs (1937) 9 Cal.2d 508, 511 [71 P.2d 214, 116 A.L.R. 205].) Society is justified in considering a convicted criminal more dangerous than one never found guilty of a crime, though it places no restraints upon him following his conviction. (Ibid.)
Similarly, expungement of a conviction does not eliminate all disabilities flowing from a conviction. (People v. Jacob (1985) 174 Cal. App.3d 1166, 1173 [220 Cal. Rptr. 520].) Even assuming that the former five-year and current seven-year provisions constitute "wash out" periods such as those established in Penal Code section 667.5, subdivisions (a) and (b) (see People v. Maki (1984) 161 Cal. App.3d 697 [207 Cal. Rptr. 777]), we see no reason *85 why the Legislature may not change the length of period so long as the change is not enacted after the current offense that triggers the habitual offender statute.[2]

3. No Violation of Plea Bargain

(5) The record does not support appellants' contentions that they had a "contract" or implied promise in exchange for their pleas to the prior convictions that those convictions were usable only for five years.[3] The records of the pleas reveal that the only mention of the five-year period was in the context of the general advisement of possible penalties which could be imposed, depending upon whether the defendants were entering a plea to a first offense or a subsequent conviction within five years of a prior conviction. The operation of the former statute was retrospective in that it explained the penalties at that time for a conviction of driving under the influence. Appellants were informed of the "habitual offender" ramifications to a current conviction with a prior conviction within five years. (See In re Birch (1973) 10 Cal.3d 314, 319-320 [110 Cal. Rptr. 212, 515 P.2d 12]; Bunnell v. Superior Court (1975) 13 Cal.3d 592, 605 [119 Cal. Rptr. 302, 531 P.2d 1086]; In re Yurko (1974) 10 Cal.3d 857, 864 [112 Cal. Rptr. 513, 519 P.2d 561].)
There is no indication on the plea forms or docket entries that appellants were entering their pleas in reliance upon their ability to commit future crimes after five years without having their then current offenses come back to haunt them, nor could they show that any such reliance would have been reasonable. (Cf. People v. Gallego (1979) 90 Cal. App.3d Supp. 21 [153 Cal. Rptr. 415].) They fail to show that the five-year period of use formed any part of the consideration for their pleas.

4. No Due Process Violation

(6) Similarly, we are unpersuaded that appellants should have been informed that the law could change or that they had any "vested right" to rely upon the statutory language at the time of the prior convictions that they could reoffend freely after five years. The range of penalties of a future sentence should a defendant reoffend must be deemed a collateral consequence not directly impacting on the fundamental implications of the plea. *86 (See People v. Kunkel (1985) 176 Cal. App.3d 46, 53 [221 Cal. Rptr. 359].) This information would not have assisted in understanding the permissible extent of the present punishment resulting from the plea. (In re Yurko, supra, 10 Cal.3d 857, 864.)
Since the new statute was in effect at the time appellants reoffended, they were on notice of the extended period in which prior convictions could be considered. Their reliance upon the former statute to shield them is unreasonable. The former five-year limitation on use of prior offenses was neither an element of the crime nor a protection to which they became entitled under the previous statute. (See In re Bray, supra, 97 Cal. App.3d 506, 511-513.) We find no fundamental unfairness in subjecting them to the increased period in which a court could consider their prior convictions so long as that extended period was enacted before the current offense.
We find, contrary to appellants' assertions, that the holding in Carter v. Municipal Court (1983) 149 Cal. App.3d 184 [196 Cal. Rptr. 751] is an apt analogy. There, the court held that sections 23165 and 23170 when applied to 1982 convictions under former section 23102 do not constitute ex post facto laws and that the prior 1977 and 1981 convictions are not constitutionally invalid because appellant therein was not fully advised that convictions would be used to increase sentences for future violations.
Carter held that sections 23165 and 23170 do not increase the punishment for the prior convictions but are merely factors to be considered in determining the sentence for the present conviction. (149 Cal. App.3d at p. 189.) Defendant therein argued that she relied on the then existing state of the law and that had she been informed of penalties for repeat offenders, she would not have waived her constitutional rights. Carter noted that the obligation to advise of the primary and direct consequences of an imminent conviction before accepting a plea of guilty from a misdemeanant defendant relates to the criminal case itself and not to the collateral consequences: "While it is desirable that defendants be informed of the increased minimum sentence for future convictions of the same offense such advice is not required." (Id., at p. 190.) Since the enhanced sentence applies only if the defendant is convicted of a future offense, it is not part of the pending case or a direct consequence of the defendant's underlying conviction. (Carter v. Municipal Court, supra, at p. 190; see also Ganyo v. Municipal Court (1978) 80 Cal. App.3d 522, 527, fn. 1 [145 Cal. Rptr. 636].)
Appellants argue that "fundamental fairness" dictates that the seven-year statute not be applied retroactively to them. The seven-year statute has not been applied retroactively. Retroactivity implies that a statute is being applied to an offense committed before the statute's enactment or amendment. *87 The Legislature "`may not revise the operation of an existing law in the form of an amendatory statute to affect past transactions.'" (People v. Cuevas (1980) 111 Cal. App.3d 189, 199 [168 Cal. Rptr. 519].) If the seven-year provision had been enacted after appellants' current transgressions, but before they were sentenced, application of its provision would be retroactive. (See Fox v. Alexis (1985) 38 Cal.3d 621 [214 Cal. Rptr. 132, 699 P.2d 309].)
Since the ultimate punishment imposed is for the new offense, so long as the statute considering one's status as a repeat offender is in force at the time of the subsequent crime the offender is on constructive notice that habitual offenders face aggravated penalties and there is no due process violation. (People v. Duarte (1984) 161 Cal. App.3d 438, 447 [207 Cal. Rptr. 615].) We do not find offensive to our sense of fairness that appellants are subject to increased punishment now when their sentences could not have been increased during the two-year window after five years had passed since their previous convictions and before enactment of the new statute.
The orders appealed from are affirmed.
Gilbert, J., and Abbe, J., concurred.
Appellants' petition for review by the Supreme Court was denied April 19, 1989.
NOTES
[1] All statutory references hereinafter are to the Vehicle Code unless otherwise specified.
[2] Section 667.5, subdivisions (a) and (b) impose a sentence enhancement for prior prison terms served but exclude from use any prison term prior to a period of 10 years (subd. (a)) or 5 years (subd. (b)) in which the defendant remained free of both prison custody and the commission of another offense which results in a felony conviction.
[3] The parties stipulated that the docket sheets of the prior convictions were to be part of the record.