[No. E046956. Fourth Dist., Div. Two. Aug. 6, 2009.]

THE PEOPLE, Plaintiff and Appellant, v.
ROBERT RALPH ACOSTA, Defendant and Respondent.

**COUNSEL**

Rod Pacheco, District Attorney, and Matt Reilly, Deputy District Attorney, for Plaintiff and Appellant.

Gregory Marshall, under appointment by the Court of Appeal, for Defendant and Respondent.

**OPINION**

**RAMIREZ, P. J.**—Defendant, Robert Ralph Acosta, was charged by information in Riverside County with, inter alia, committing a lewd and lascivious act on a minor (Pen. Code, § 288, subd. (a))[1] between July 2001 and

[1] All further statutory references are to the Penal Code unless otherwise indicated.

February 2002 in San Bernardino County[2] and committing a lewd and lascivious act on another minor between January and August 2007 in Riverside County. It was further alleged that defendant was subject to 15-year-to-life sentences under section 667.61, subdivision (e)(5) because he committed violations of section 288, subdivision (a) against two victims. Following defendant's demurrer to the information, the trial court dismissed the allegation under section 667.61, subdivision (e)(5), finding it violated the proscription against ex post facto laws, and ordered it stricken. The People appeal from that order. We agree with them and reverse the trial court's order.

## ISSUE AND DISCUSSION

At the time defendant committed the San Bernardino offense, former section 784.7 provided, in pertinent part, "When more than one violation of Section . . . 288 . . . occurs in more than one jurisdictional territory, and the defendant and the victim are the same for all of the offenses, the jurisdiction of any of those offenses is in any jurisdiction where at least one of the offenses occurred." Applying former section 784.7, as it read at the time of the San Bernardino offense, would have prohibited charging defendant for that offense in this case, which was filed in Riverside County. (§ 777.)[3]

Before defendant committed the Riverside offense, former section 784.7 was amended to provide, in pertinent part, "When more than one violation of . . . 288 . . . occurs in more than one jurisdictional territory, the jurisdiction of any of those offenses, . . . is in any jurisdiction where at least one of the offenses occurred . . . ." Applying section 784.7, as it read at the time of the Riverside offense, would have allowed defendant to be charged in this Riverside County case for the San Bernardino offense.

The allegation under section 667.61, subdivision (e)(5) made this difference significant, as it mandates the imposition of 15-year-to-life terms (see *People v. Jones* (1997) 58 Cal.App.4th 693, 719 [68 Cal.Rptr.2d 506] [opn. of this ct.]) should defendant be convicted of both offenses in the same case.[4]

---

[2] Defendant was also charged with forced oral copulation of a minor (§ 269, subd. (a)) and assault with intent to commit rape (§ 220), both in San Bernardino County, involving this victim.

[3] Section 777 provides, "Every person is liable to punishment by the laws of this State, for a public offense committed by him therein, except where it is by law cognizable exclusively in the courts of the United States; and except as otherwise provided by law the jurisdiction of every public offense is in any competent court within the jurisdictional territory of which it is committed."

[4] At all times pertinent to this case, section 667.61, subdivisions (b), (c)(7) and (e)(5) provided, in pertinent part, that where the defendant has been convicted in the present case of committing a violation of subdivision (a) of section 288 against more than one victim, the

Defendant demurred to the information below, contending that the Riverside court lacked jurisdiction over the San Bernardino offense because at the time the latter was committed, proper venue resided only in San Bernardino County.[5] With the San Bernardino offense removed from this case, no allegation could be made under section 667.61, subdivision (e)(5) and defendant would no longer be subject to 15-year-to-life terms for the charged offenses. Defendant argued that to utilize the version of section 784.7 that was enacted after the San Bernardino crime was committed to charge that crime in Riverside County would violate the proscription against ex post facto laws.

The trial court denied the demurrer in part, ruling that defendant could be charged in Riverside for the San Bernardino offense by applying the version of section 784.7 that was enacted after the San Bernardino crime was committed because the amendment to section 784.7 "[wa]s a procedural change only in the law that does not increase [the] potential penalty to defendant." However, the court granted the demurrer as to the section 667.61, subdivision (e)(5) allegation, finding "there is an increased penalty that could apply due to the change in statute . . . , and that . . . would represent an ex-post facto increase of penalty for defendant."

■ As is pertinent here, ex post facto laws increase the punishment associated with the crime after its commission. (*Miller v. Florida* (1987) 482 U.S. 423, 429 [96 L.Ed.2d 351, 107 S.Ct. 2446].) Of course, when defendant committed the San Bernardino crime, he was not subject to the 15-year-to-life term provided by section 667.61, subdivision (e)(5) because, at that point, he had not committed a sexual offense against another victim.

The People analogize this situation to the numerous cases that have held that a law which is dependent on prior conduct to enhance a penalty for a new crime is not ex post facto even though the prior conduct occurred after enactment of that enhancement. (See *People v. Forrester* (2007) 156 Cal.App.4th 1021, 1024 [67 Cal.Rptr.3d 740] ["Courts have routinely rejected ex post facto challenges to statutes that increase penalties for recidivism."]; *People v. Sweet* (1989) 207 Cal.App.3d 78, 83 [254 Cal.Rptr. 567] (*Sweet*)

---

defendant shall be punished by imprisonment in the state prison. Before 2007, the sentence was life, with a minimum parole eligibility date after 15 years. Thereafter, the sentence was 15 years to life.

[5] Defendant also contended that the remaining offenses (see *ante*, fn. 2, at p. 474) should also be tried in San Bernardino. He asserted that although the information alleged that the latter part of the period during which one of these offenses occurred and the month when the other occurred postdated the change in section 784.7, the preliminary hearing testimony showed that both actually occurred before the amendment, except for three months at the end of the period during which the latter was to have occurred, which defendant argued should be viewed to be before the amendment as a means of construing matters in his favor.

["[A] statute does not function retroactively 'merely because it draws upon facts antecedent to its enactment for its operation. [Citation.]' "]; *People v. Hatcher* (1995) 33 Cal.App.4th 1526 [39 Cal.Rptr.2d 801] [and cases cited therein].) Defendant counters, arguing correctly, that all these were habitual offender laws, and the defendants had been convicted of prior offenses. Additionally, many of the cases held that the enhanced punishment was being imposed for the current, not the previous, crimes. Here, in contrast, he asserts both offenses are current ones and there is no prior conduct or conviction to be considered.

While there may not be a prior conviction, however, section 667.61, subdivision (e)(5) relates to defendant's status as a repeat offender (*People v. Desimone* (1998) 62 Cal.App.4th 693 [73 Cal.Rptr.2d 73]), therefore, the analogy the People draw is not without merit. Moreover, the provision does not really become relevant until defendant has, in fact, been convicted of two of the listed offenses, one, in most cases, occurring before the other.

■ Additionally, "[t]he central concern to the ex post facto prohibition is ' "the lack of fair notice and governmental restraint when the legislature increases punishment beyond what was prescribed when the crime was consummated." ' " (*Sweet, supra*, 207 Cal.App.3d at p. 82.) ■ As in the cases involving other habitual offender statutes, when defendant committed the Riverside offense, the amended version of section 784.7 was already in effect, giving him notice that if he committed the latter offense, he could be tried for both offenses in a unitary trial in Riverside County, thus subjecting him to section 667.61, subdivision (e)(5).[6]

We believe *People v. Alvarez* (2002) 100 Cal.App.4th 1170 [122 Cal.Rptr.2d 859] is instructive. Therein, the defendant was charged with offenses that both predated and followed the enactment of section 667.61, subdivision (e)(5). (*People v. Alvarez, supra*, at p. 1173.) The appellate court held that the application of the section to a crime that preceded its enactment was ex post facto. (*Id.* at p. 1178.) However, it concluded otherwise as to the use of that crime as part of the multiple offenses finding under section 667.61, subdivision (e)(5). (*People v. Alvarez, supra*, at p. 1179.) The court rejected the defendant's ex post facto argument, saying, "at the time of [the offense which followed the enactment of section 667.61, subdivision (e)(5)], th[at provision] was in effect." (*Ibid.*) It analogized the situation before it to a "three strikes" case in which the defendant argued that priors committed before the enactment of the three strikes law could not be used to enhance his sentence

---

[6] We agree with defendant that the People's analogy to crimes occurring as part of a common scheme or plan (*People v. Williams* (2004) 118 Cal.App.4th 735, 747–749 [13 Cal.Rptr.3d 569]) fails because there is no showing that the San Bernardino and Riverside offenses are part of a common scheme or plan.

without violating the proscription against ex post facto laws. (*People v. Alvarez*, at p. 1179.) The appellate court reasoned, "[b]ecause [defendant] raped [the second victim] after the effective date of [section 667.61, subdivision (e)(5)], that law was not applied to conduct occurring before its adoption. Section 667.61, subdivision (e)(5) does not require that the crimes against the other victim have been subject to [the provision] when they were committed." (*Ibid.*)

Similarly, here, while defendant might have a good argument that imposing a 15-year-to-life term on the San Bernardino offense might be ex post facto, he cannot make the same argument as to the Riverside offense. Therefore, the trial court erred in striking the allegation.

### DISPOSITION

The trial court's order dismissing the section 667.61, subdivision (e)(5) enhancement is reversed.

Richli, J., and Miller, J., concurred.

Respondent's petition for review by the Supreme Court was denied November 10, 2009, S176132.