Filed 9/18/14  P. v. Miller CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B254854 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. GA039926) |
| v. | |
| LAURENCE LORENZO MILLER, | |
| Defendant and Appellant. | |

APPEAL from order of the Superior Court of Los Angeles County, William C. Ryan, Judge.  Affirmed.

Suzan E. Hier, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Lance E. Winters, Assistant Attorney General, Noah Hill and Jessica C. Owen, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Laurence Lorenzo Miller appeals from an order denying his petition to recall his sentence under the Three Strikes Reform Act of 2012 (Pen. Code, § 1170.126).[1] His petition was denied on the ground that his current conviction, though not classified as a serious felony at the time of conviction, is now a serious felony rendering him ineligible for resentencing. We affirm the order.

## FACTUAL AND PROCEDURAL SUMMARY

On February 25, 2000, appellant was convicted by a jury of making criminal threats (then-termed "terrorist threats"), a violation of section 422. Under the Three Strikes law as it existed at that time, a defendant who had suffered two or more prior serious or violent felony convictions would receive a mandatory sentence of 25 years to life for any felony conviction, even if the current crime was not a serious or violent felony under sections 1192.7, subdivision (c) and 667.5, subdivision (c). Because appellant was found to have had at least two prior strike convictions, he was given a mandatory sentence of 25 years to life following his section 422 conviction. We affirmed the judgment. (*People v. Miller* (Aug. 2, 2001, B139900) [nonpub. opn.].)

In 1999, when appellant committed his current offense, a violation of section 422 was not classified as a serious or violent felony. Proposition 21 was approved by the California voters and became effective on March 8, 2000, adding section 422 to the list of "serious" felonies. (§ 1192.7, subd. (c)(38); *Manduley v. Superior Court* (2002) 27 Cal.4th 537, 577.)

On November 6, 2012, California voters approved Proposition 36, the Three Strikes Reform Act of 2012 (the Act). Relevant to our inquiry, the Act amended sections 667 and 1170.12 to require courts to impose a mandatory 25 years to life sentence on defendants with two strike priors only if the defendant's current offense constituted a violent or serious felony. A defendant with two strike priors but whose current offense did not constitute a violent or serious felony would be sentenced as a second strike offender. The Act also added section 1170.126, a resentencing provision providing an

---

[1]     Subsequent statutory references are to the Penal Code.

2

opportunity for resentencing to inmates serving an indeterminate life sentence but whose third strike is not a violent or serious felony. Section 1170.126 gives the court discretion, upon petition, to resentence an eligible inmate as a second striker or deny resentencing if it determines that the inmate poses an "unreasonable risk of danger to public safety." (§ 1170.126, subd. (f).)

In 2014, appellant filed a petition to recall his sentence pursuant to the Act. The trial court denied the petition with prejudice, stating that "Defendant's current conviction is for criminal threats (Penal Code section 422), which is a serious felony pursuant to Penal Code section 1192.7(c)(38), making Defendant ineligible for resentencing."

This timely appeal followed.[2]

## DISCUSSION

### I

This case presents an issue of statutory interpretation: whether, for purposes of determining an inmate's eligibility for recall of his sentence under section 1170.126, the trial court must use the list of serious or violent felonies in effect on November 7, 2012 (the date the Act went into effect) or the list of violent and serious felonies existing at the time the third strike crime was committed.[3]

Voter initiatives are interpreted according to the same principles used in statutory construction. (*Robert L. v. Superior Court* (2003) 30 Cal.4th 894, 900.) The "fundamental purpose" of this interpretation is to determine the intent of the voters "as to effectuate the purpose of the law." (*People v. Pieters* (1991) 52 Cal.3d 894, 898.) To do so, we first look to the plain language of the statute and give it its literal meaning, so long

---

[2] The appealability of an order denying a petition for a recall is under review by the Supreme Court. (See, e.g., *Teal v. Superior Court* (2013) 217 Cal.App.4th 308, review granted July 31, 2013, S211708; *People v. Hurtado* (2013) 216 Cal.App.4th 941, review granted July 16, 2013, S212017.)

[3] On July 30, 2014, the California Supreme Court granted review in two cases addressing this issue. (See *People v. Johnson* (2014) 226 Cal.App.4th 620, review granted July 30, 2014, S219454; *Braziel v. Superior Court* (2014) 225 Cal.App.4th 933, review granted July 30, 2014, S218503.) As of this writing, these cases are still pending.

3

as doing so does not "'result in absurd consequences'" that the voters did not intend to bring about. (*Ibid.*) "'[T]he intent prevails over the letter, and the letter will, if possible, be so read as to conform to the spirit of the act.'" (*Id.* at p. 899.) "[W]e do not construe statutes in isolation, but rather read every statute 'with reference to the entire scheme of law of which it is part so that the whole may be harmonized and retain effectiveness.'" (*Ibid.*) "'We must also consider "the object to be achieved and the evil to be prevented by the legislation."'" (*People v. Westbrook* (2002) 100 Cal.App.4th 378, 383.)

## II

A. *Use of the Present Verb Tense in Section 1170.126*

The retroactive resentencing provisions of the Act are codified in section 1170.126. Specifically, section 1170.126, subdivision (b) states that "[a]ny person serving an indeterminate term of life imprisonment imposed pursuant to [the Three Strikes law] upon conviction, whether by trial or plea, of a felony or felonies that *are* not defined as serious and/or violent felonies by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7, may file a petition for a recall of sentence." (Italics added.) Additionally, section 1170.126, subdivision (e)(1) deems an inmate eligible for resentencing if "[t]he inmate is serving an indeterminate term of life imprisonment imposed pursuant to [the Three Strikes law] for a conviction of a felony or felonies that *are* not defined as serious and/or violent felonies." (Italics added.)

In both instances, section 1170.126 refers to definitions of serious or violent felonies in the present tense. The plain meaning of this language suggests that courts are to utilize the definitions of serious or violent felonies as they existed on November 7, 2012 in evaluating an inmate's eligibility for resentencing under section 1170.126. As the California Supreme Court has noted, the use of verb tense by the legislature is considered significant. (*People v. Loeun* (1997) 17 Cal.4th 1, 11.) Respondent contends, and we agree, that the trial court properly found that appellant was ineligible for

4

resentencing because his current conviction for a violation of section 422 constituted a serious felony under section 1192.7, subdivision (c) as of November 7, 2012.[4]

Appellant concedes that the use of present tense in the language of section 1170.126 is significant. However, appellant urges us to look to the manner in which courts have interpreted other parts of the Three Strikes law, noting that "from its inception, the determination of whether a crime was a violent or serious felony for purposes of the 'Three Strikes Law' has been based upon the definition of violent or serious felony in effect at the time of the commission of the crime being punished." Appellant cites *People v. James* (2001) 91 Cal.App.4th 1147 (*James*) as support, arguing that although sections 667.1 and 1170.125 also use the present tense, courts have held that the date of commission of the current crime controls.[5] *James* was a Three Strikes case involving a dispute over the classification of the defendant's prior convictions for assault with a firearm (a violation of § 245, subd. (a)(2)) and shooting at an inhabited dwelling, vehicle, or aircraft (a violation of § 246) as "strike" convictions. Neither crime was a serious or violent felony at the time of commission. But by the time James committed his potential third strike, Proposition 21 had amended the Penal Code to include violations of sections 245, subdivision (a)(2) and 246 as serious felonies under the meaning of section 1192.7, subdivision (c). (*James*, *supra*, at p. 1149.) The *James* court held that "if a defendant's current offense was committed on or after the effective date of Proposition 21, a determination whether the defendant's *prior* conviction was for a serious felony within the meaning of the three strikes law must be based on the

---

[4] While not raised by either party, we also note that section 7 provides: "Words used in this code in the present tense include the future as well as the present." This does not aid appellant's position, as the section does not indicate that the present tense refers to the past.

[5] Appellant also cites to *People v. Ringo* (2005) 134 Cal.App.4th 870, 884, *People v. Superior Court (Andrades)* (2003) 113 Cal.App.4th 817, 826-830, and *In re Jensen* (2001) 92 Cal.App.4th 262, 266, footnote 3. Like *James*, these cases hold that, for sentencing purposes, courts should look to the definition of serious or violent felony on the date of commission of the crime to determine whether prior convictions should be counted as strikes.

definition of serious felonies in Penal Code section 1192.7, subdivision (c) in effect on March 8, 2000 [the effective date of Proposition 21]." (*Id.* at p. 1150, italics added.)

Based on this holZding appellant argues that courts are required to look to the date of the *commission* of the current offense in interpreting *any* provision within the Three Strikes law, including the resentencing provision. Extending the *James* holding in this manner, however, is inappropriate. *James* addressed only the classification of prior felony convictions as strike *priors* during *original sentencing proceedings*. Given its context, the fact that *James* required sentencing courts to look to the date of the commission of the current crime makes sense. A contrary result would raise ex post facto implications, as the defendant must have notice that the conduct he is about to engage in will result in an enhanced punishment. (See *People v. Acosta* (2009) 176 Cal.App.4th 472, 476 [central concern to ex post facto prohibition is """"the lack of fair notice and governmental restraint when the legislature increases punishment beyond what was prescribed when the crime was consummated'""""]; Couzens & Bigelow, The Amendment of the Three Strikes Sentencing Law (Aug. 2014) p. 27 [http://www.courts.ca.gov/documents/Three-Strikes-Amendment- Couzens-Bigelow.pdf] [as of Sept. 17, 2014].) There are no ex post facto concerns in deciding whether or not to resentence an inmate under the Act based on the current definition of serious or violent felonies. The inmate stands only to potentially benefit from this ameliorative law. Appellant appropriately does not raise any ex post facto arguments. Thus, we reject his contention that the use of the present tense in sections 667.1 and 1170.125 requires us to look to the state of the law at the time the current crime was committed for the purpose of determining eligibility for resentencing under section 1170.126.

B. *Section 1170.125 and its Reference to Section 1170.126*

Appellant's second argument is that, since section 1170.125 refers to section 1170.126, the two sections must be interpreted in the same manner. Section 1170.125 states: "Notwithstanding Section 2 of Proposition 184, as adopted at the November 8, 1994, General Election, for all offenses committed on or after November 7, 2012, all references to existing statutes in Sections 1170.12 and 1170.126 are to those

6

sections as they existed on November 7, 2012." Appellant notes that Section 1170.125 always has included language limiting its applicability to offenses committed "on or after" the effective date of its enactment and subsequent amendments. The inclusion of the "on or after" language in the section makes sense, as it would otherwise raise ex post facto concerns in cases where the defendant is being sentenced for the first time. It requires the evaluating court to look at the state of the law at the time the offense was committed, not at the time of evaluation. Appellant now points to the most recent amendment to section 1170.125, which makes a reference to section 1170.126. He argues this reference "makes it clear that the same rule [used in original sentencing proceedings] applies in cases of petitions for recall."

Although it is generally true that language within the same statute must be given the same meaning, if two provisions of an act have differing purposes, similar language found in the provisions is not necessarily given the same meaning. (See *Smith v. Ben Bennett, Inc.* (2005) 133 Cal.App.4th 1507, 1520.) As mentioned earlier, the purpose of the prospective sentencing provisions in section 1170.125 is to avoid ex post facto implications by ensuring individuals have notice that their criminal conduct will be subject to heightened punishment. The purpose of section 1170.126 is to *resentence* inmates serving an indeterminate life sentence based on a nonserious, nonviolent felony conviction; it does not implicate ex post facto concerns. The two provisions serve different purposes—one retrospective and the other prospective— and as such, the court is not required to construe their language in the same manner.

This, then, raises the question of why the amendment to section 1170.125 contains a reference to section 1170.126 at all. Couzens and Bigelow state, "The intent of the amendment to section 1170.125 with . . . respect to the eligibility for resentencing is not entirely clear. . . . On its face, the amendment makes no sense—section 1170.126 only applies to crimes committed *prior* to November 7, 2012. . . . [¶] Likely the intent of the amendment to section 1170.125, when viewed against the opening paragraph to section 1170.126(a), is to limit the ability to request resentencing to those persons who would be eligible for a lower sentence *had the crime been committed on or after November 7,*

7

*2012. . . .* Based on the objective intent of the amendment to section 1170.125 and the opening paragraph of section 1170.126(a), eligibility for resentencing must be based on the interpretation of statutes as they exist on or after November 7, 2012."[6] (Couzens & Bigelow, The Amendment of the Three Strikes Sentencing Law, *supra*, at p. 28.) We find this to be a plausible construction, one that seeks to "harmonize[] [the] parts [of the statute] without disregarding or altering any of them." (*People v. Garcia* (1999) 21 Cal.4th 1, 6.)

A close reading of section 1170.125 suggests an additional explanation. The language in section 1170.125 states that "all references to *existing statutes in* Sections 1170.12 and 1170.126 are to those sections as they existed November 7, 2012." (§ 1170.125, italics added.) Thus, section 1170.125 refers to the *statutes referenced in* section 1170.126, not to the resentencing provision itself. For example, section 1170.126 contains references to sections 667.5, subdivision (c) and 1192.7, subdivision (c)— provisions defining serious and violent felonies. Given the prospective nature of section 1170.125 and because sections 667.5, subdivision (c) and 1192.7, subdivision (c) are not specifically referenced in this section, it is reasonable to conclude that the Legislature intended to incorporate the current list of serious or violent felonies into section 1170.125 by referencing section 1170.126. The resentencing provisions of section 1170.126, then, are irrelevant to the substance of section 1170.125 or how the section is interpreted.

---

[6] Couzens and Bigelow also note, "One of the prerequisites to obtaining a resentencing is that the offense which resulted in the life sentence is not itself a serious or violent felony. Sections 667.5(c) and 1192.7(c) defining violent and serious felonies, for the most part, have remained substantially the same since the enactment of the Three Strikes law in 1994. From time to time, however, the lists have been augmented to include new offenses. For example, Proposition 21, enacted March 7, 2000, added section 422, making criminal threats, to the list of serious felonies in section 1192.7(c)(38). *It is of no benefit to a defendant sentenced to a 25-life term for a violation of section 422 prior to 2000 that the crime was not then listed as a serious felony.*" (Couzens & Bigelow, The Amendment of the Three Strikes Sentencing Law, *supra*, at p. 28, italics added.)

8

C.  *Voters' Intent*

A reviewing court must seek to "effectuate the electorate's intent" in interpreting a ballot initiative.  (*Hi-Voltage Wire Works, Inc. v. City of San Jose* (2000) 24 Cal.4th 537, 576.)  However, the statutory language is sometimes ambiguous.  A statute is ambiguous if it """"is amenable to two alternative interpretations.""""  (*People v. Arias* (2008) 45 Cal.4th 169, 177.)  "When an initiative measure's language is ambiguous, we refer to other indicia of the voters' intent, particularly the analyses and arguments contained in the official ballot pamphlet."  (*People v. Birkett* (1999) 21 Cal.4th 226, 243.)

Proposition 36 was enacted for the "protection of the health, *safety*, and welfare of the people of the State of California" and it was intended to be "liberally construed to effectuate those purposes."  (Ballot Pamp., Gen. Elec. (Nov. 6, 2012) text of Prop. 36, p. 110, italics added.)  The resentencing provisions of the initiative were drafted for the purpose of alleviating California's overcrowded prisons and saving taxpayers millions of dollars.  (See Ballot Pamp., *supra*, analysis of Prop. 36 by the Legislative Analyst, p. 50.)  However, the initiative also made clear to voters that this purpose would not be achieved at the expense of public safety.  It thus restricted resentencing eligibility to "third strikers whose current offense *is* nonserious, non-violent and who have not committed specified current and prior offenses, such as certain drug-, sex-, and gun-related felonies," and gave the judge further discretion to deny resentencing to an eligible inmate upon an individualized finding that the inmate posed "an *unreasonable risk to public safety*."  (*Ibid.*, italics added.)  The arguments in favor of Proposition 36 further assured voters that "violent repeat offenders [will be] punished and not released early," that the initiative is designed to "continue to punish dangerous career criminals," "keep dangerous criminals off the streets," and that "truly dangerous criminals will receive no benefits whatsoever from the reform."  (Ballot Pamp., *supra*, argument in favor of Proposition 36, p. 52.)  It is evident that ensuring public safety was a major concern.  Allowing resentencing of inmates who have been thrice convicted of crimes that are *currently* considered serious or violent would contradict the aim of the initiative; accepting appellant's position would result in the potential release of inmates on the technicality

9

that, many years ago, their current crime was not defined as a serious or violent felony. This was not the intent of the voters in approving Proposition 36.

Appellant argues we should seek to determine eligibility for resentencing based on the definition of violent and serious felonies in effect at the time of commission in order to increase the number of inmates eligible for resentencing. It would be up to the discretion of the sentencing judge, then, to determine whether the inmate poses an unreasonable risk to public safety. Regardless of whether or not this would be an effective method of ensuring public safety, it was the intent of the voters to disqualify certain inmates from resentencing altogether, without the benefit of a discretionary determination by a sentencing judge. If an inmate is serving an indeterminate life sentence for a felony that is considered violent or serious, he or she is not eligible for resentencing. Appellant falls within this category.

Finally, appellant argues that "the intent to protect the public should not override all other purposes in passing Proposition 36 and mandate that its ameliorative provisions be as narrowly construed as possible. This is especially so when the public made the choice to release less dangerous inmates in order to be able to retain the most dangerous." While we agree with the general principle of this argument, it does not aid appellant's case. Appellant presumably does not deny that had he committed the same act a year later, after Proposition 21 classified a violation of section 422 as a serious felony, he would not be eligible for resentencing. It is unclear how appellant would be considered a "less dangerous" inmate solely because he committed what is now considered a serious felony before Proposition 21 went into effect. The logical and appropriate inquiry is whether appellant is *now* eligible for resentencing, not whether he was when he committed the current crime.

Because the intention of the voters in approving Proposition 36 was clear, we interpret its provisions to find that an inmate serving an indeterminate life sentence under the Three Strikes law is eligible for resentencing only if his or her current conviction is a nonserious and nonviolent felony under the versions of sections 1192.7, subdivision (c) and 667.5, subdivision (c) in effect on November 7, 2012.

10

## DISPOSITION

The order denying appellant's petition to recall his sentence is affirmed.

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

EPSTEIN, P. J.

We concur:


MANELLA, J.


COLLINS, J.